DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dbg@lnbyb.com, tma@lnbyb.com

Attorneys for Plaintiff Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GENNADY MOSHKOVICH,<br><br>Debtor and Debtor in Possession. | Case No.: 2:20-bk-11547-BB<br><br>Chapter 11 Case<br><br>Adversary Case No.: 2:20-ap-01623-BB |
| GENNADY MOSHKOVICH,<br><br>Plaintiff,<br><br>v.<br><br>BOBS, LLC, a California limited liability company, ROMMY SHY, an individual, and BARRY SHY, an individual,<br><br>Defendants. | **PLAINTIFF' S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FEDERAL RULE OF PROCEDURE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing<br>Date: November 17, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................. 2

II. STATEMENT OF FACTS .................................................. 3

III. THE MOTION SHOULD BE DENIED .................................................. 3

A. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER ALL OF THE CFR'S, INCLUDING THE SEVENTH CFR FOR ELDER ABUSE ASSERTED AGAINST ALL PLAINTIFFS; THEREFORE, THERE IS NO BASIS TO DISMISS ANY CFR'S UNDER PURSUANT TO RULE 12(b)(1). .................................................. 3

B. EACH CFR IS BASED ON A COGNIZABLE LEGAL THEORY AND FACTUAL ALLEGATIONS THAT SUPPORT THE FACIAL PLAUSIBILITY OF THE CFR; THEREFORE, THERE IS NO BASIS TO DISMISS ANY CFR PURSUANT TO RULE 12(b)(6). .................................................. 6

1. RULE 12(b)(6) STANDARDS. .................................................. 6

2. THE FIRST, SECOND, THIRD, AND FOURTH CFRS FOR DECLARATORY RELIEF. .................................................. 9

3. THE FIFTH CFR FOR USURY. .................................................. 12

4. THE SIXTH CFR TO AVOID FRAUDULENT OBLIGATION. .................................................. 13

5. THE SEVENTH CFR FOR ELDER ABUSE. .................................................. 15

6. THE EIGHTH CFR FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ*. .................................................. 20

7. THE NINTH CFR OBJECTING TO BOBS' POC .................................................. 20

8. THE TENTH CFR FOR INJUNCTIVE RELIEF. .................................................. 21

C. BOBS' REQUEST FOR ABSTENTION SHOULD BE DENIED. .................................................. 21

IV. CONCLUSION .................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Aletheia Research & Mgmt., Inc.*,
No. 2:12-47718-BR, 2015 WL 8483728 (B.A.P. 9th Cir. Dec. 10, 2015) ........ 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7, 8

*Associated General Contractors of America v. Metropolitan Water Dist. of So. Calif.*,
159 F.3d 1178 (9th Cir. 1998) ........ 7

*In re Bare Escentuals, Inc. Sec. Litig.*,
745 F. Supp. 2d 1052 (N.D. Cal. 2010) ........ 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7, 8

*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003) ........ 7

*Brower v. Cnty. of Inyo*,
489 U.S. 593 (1989) ........ 7

*Cahill v. Liberty Mut. Co.*,
80 F.3d 336 (9th Cir. 1996) ........ 7

*Cusano v. Klein*,
264 F.3d 936 (9th Cir. 2001) ........ 4

*Erickson v. Pardus*,
551 U.S. 89 (2007) ........ 7

*Fontana v. Haskin*,
262 F.3d 871 (9th Cir. 2001) ........ 7

*Fraley v. Facebook, Inc.*,
830 F. Supp. 2d 785 (N.D. Cal. 2011) ........ 8

*In re Goldstein*,
526 B.R. 13 (B.A.P. 9th Cir. 2015) ........ 4

*Gov't Employees Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) ........ 10

*Guerrero v. Gates*,
442 F.3d 697 (9th Cir. 2006) ........ 7

*Johnson v. Riverside Healthcare Sys., LP*,
*534 F.3d 1116 (9th Cir. 2008)* ........ 7, 8

*Labrecque v. NewRez LLC*,
No. CV1900465TUCRCCEJM, 2020 WL 3276699 (D. Ariz. June 16, 2020) ........ 10

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ........ 12, 20

*Lepton Labs, LLC v. Walker*,
55 F. Supp. 3d 1230 (C.D. Cal. 2014) ........ 7

*Mindlab Media, LLC v. LWRC Int'l LLC, No. CV 11-3405 CAS (FEMX)*,
2012 WL 386695 (C.D. Cal. Feb. 6, 2012) ........ 7, 8

*Negrete v. Fid. & Guar. Life Ins. Co.*,
444 F. Supp. 2d 998 (C.D. Cal. 2006) ........ 17

*New Mexico State Inv. Council v. Ernst & Young LLP*,
641 F.3d 1089 (9th Cir. 2011) ........ 7

*Ours Tech., Inc. v. Data Drive Thru, Inc.*,
645 F. Supp. 2d 830 (N.D. Cal. 2009) ........ 9

*Padilla v. Yoo*,
633 F. Supp. 2d 1005 (N.D. Cal. 2009) ........ 8

*In re Prototype Eng'g & Mfg., Inc.*,
No. 2:17-BK-21018-RK, 2019 WL 9243004 (Bankr. C.D. Cal. Dec. 12, 2019) ........ 14

*Scott v. Kuhlmann*,
746 F.2d 1377 (9th Cir. 1984) ........ 20

*Seattle Audubon Soc. v. Moseley*,
80 F.3d 1401 (9th Cir. 1996) .......... 10

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) .......... 10

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*,
789 F.2d 705 (9th Cir. 1986) .......... 4

*State Farm Mut. Auto. Ins. Co. v. Coates*,
933 F.2d 1015 (9th Cir. 1991) .......... 9

*Swierkiewicz v. Sorema*,
534 U.S. 506 (2002) .......... 8

*United Nat. Ins. Co. v. R&D Latex Corp.*,
242 F.3d 1102 (9th Cir. 2001) .......... 10

**Other State Cases**

*Velasquez v. Cochise City. Superior Court*,
No. CV-15-00110-TUC-CRP, 2015 WL 12838801 .......... 20

**Federal Statutes**

11 U.S.C.
§ 502(b) .......... 9, 11, 20
§ 502(b), § 502 .......... 11
§§ 541(a) .......... 4
§ 548(a)(1)(B) .......... 13, 14

28 U.S.C.
§§ 151, 157, and 1334 .......... 2, 5
§§ 157 and 1334 .......... 5
§§ 1331, 1332 .......... 5
§ 1367 .......... 5
§ 2201 .......... 8, 9

**California Statutes**

Cal. Welf. & Inst. Code
§§ 15610.10 *et seq.* .......... 15
§§ 15610.27 .......... 15
§ 15610.30 .......... 15, 17, 19
§ 15610.30(a)(1) and (2) .......... 17
§ 15610.30 (a)(2) .......... 19
§ 15610.30(a)(3) .......... 18
§ 15610.30(b) .......... 17
§ 15610.70 .......... 18

*California Business And Professions Code*
*§ 17200 Et Seq.* .......... 2, 20

**Other Authorities**

Fed. R. Bankr. P. 7001(2) and (9) .......... 11

Fed. R. Civ. P. 8(e) .......... 7

Federal Rule of Civil Procedure 8(a)(2) .......... 14

Fed. R. Bankr. P. 7012 .......... 3, 6

Fed. R. Civ. P. 12 .......... 3, 6

Gennady Moshkovich, the Chapter 11 debtor and debtor in possession in the above-captioned bankruptcy case and the plaintiff herein (the "Plaintiff" or "Mr. Moshkovich") hereby files this opposition (the "Opposition") to the *Motion To Dismiss Complaint Under Federal Rule Of Procedure 12(b)(1) And 12(b)(6)* (the "Motion") [Dkt. 4] filed BOBS, LLC (the "BOBS"), Rommy Shy ("R. Shy"), and Barry Shy ("B. Shy"), the defendants herein (the "Defendants").

Pursuant to the Motion, the Defendants are seeking to dismiss the Plaintiff's *Complaint (1) For Declaratory Relief Regarding Entirety Of Alleged Lien And Secured Claim; (2) For Declaratory Relief Regarding A Portion Of Alleged Lien And Secured Claim; (3) For Declaratory Relief Regarding Applicable Interest Rate; (4) For Declaratory Relief Regarding Claim Reduction For Payments Made; (5) For Usury; (6) To Avoid Fraudulent Transfer; (7) For Elder Abuse; (8) Violation Of California Business And Professions Code Section 17200 Et Seq.; (9) Objecting To Claim; And (10) Injunctive Relief* (the "Complaint" and the ten Claims for Relief therein (each a "CFR")) [Dkt. 1]. Any capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Complaint.

## I.

## INTRODUCTION

The Motion must be denied. As discussed in detail herein, pursuant to 28 U.S.C. §§ 151, 157, and 1334, the Court clearly has subject-matter jurisdiction over the Seventh CFR for elder abuse, which is the only CFR stated against all of the Defendants and the only CFR for which the Defendants are seeking dismissal pursuant to Rule 12(b)(1). At minimum, under the District Court's General Order No. 13-05, this Court can adjudicate the Seventh CFR up to the point of entering a final judgment thereon against R. Shy and B. Shy and then make a report and recommendation to the District Court, which can enter a final judgment against R. Shy and B. Shy on the Seventh CFR. Proceeding in this manner would serve the interests of judicial economy since the Seventh CFR shares a nucleus of common facts underlying the other nine CFRs. As a result, there is no basis to dismiss the Seventh CFR for lack of subject-matter jurisdiction.

The Defendants' arguments for dismissal of the Complaint and its CFRs for failure to state a claim pursuant to Rule 12(b)(6) also lack merit. As discussed below, each of the CFRs are based upon cognizable legal theories, which are based on factual allegations, deemed to be true for purposes of the Motion, that support the plausibility of each CFR. As a result there is no basis to dismiss any CFR under Rule 12(b)(6).

**II.**

**STATEMENT OF FACTS**

The facts supporting the Complaint are set forth therein and are deemed to be true for the purposes of analyzing the Motion.[1] *See* § III.B.1, *infra*.

**III.**

**THE MOTION SHOULD BE DENIED**

**A. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER ALL OF THE CFR'S, INCLUDING THE SEVENTH CFR FOR ELDER ABUSE ASSERTED AGAINST ALL PLAINTIFFS; THEREFORE, THERE IS NO BASIS TO DISMISS ANY CFR'S UNDER PURSUANT TO RULE 12(b)(1).**

Rule 12 of the Federal Rules of Civil Procedure (the "FRCP"), applicable herein pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "FRBP" 7012), provides that a claim for relief can be dismissed for "lack of subject-matter jurisdiction."[2] It is hard to understand the Defendants' three arguments for dismissal pursuant to FRCP 12(b)(1), but, to the extent they can be understood, none of them has any merit.

**First**, the Defendants appear to argue that the Court does not have subject matter over the Seventh CFR for damages for elder abuse, which is the only CFR stated against R. Shy and B. Shy. The Defendants assert that the Seventh CFR is personal to Mr. Moshkovich and, therefore, not property of his bankruptcy estate. As such, according to the Defendants, the Seventh CFR is asserted by a non-debtor (Mr. Moshkovich in his personal not debtor in possession role) and the Court does not have jurisdiction over the Seventh CFR. The Defendants base the foregoing argument on footnote 3

[1] *See* § III.B.1, *infra*.

[2] FED. R. CIV. P. 12(b)(1), FED. R. BANKR. P. 7012

of *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir. 1986) where, according to the Defendants, "[t]he Ninth Circuit left open the possibility, that there might be some claims that are 'so personal to the debtor that it would be undesirable, on public policy grounds, to transfer the property interest to the bankruptcy trustee.'" In footnote 3, the *Westinghous* court merely stated "[w]e need not decide whether ***emotional distress <u>might</u>*** in some circumstances be so personal to the debtor that it would be undesirable, on public policy grounds, to transfer the property interest to the bankruptcy trustee. In the circumstances of this case, we perceive no persuasive public policy rationale." *Id.* at n. 3 (emphasis added).

Here, the Seventh CFR is not for emotional distress, so *Westinghouse* is inapplicable. Even if *Westinghouse* could be extended to the Seventh CFR, the Defendants ignore that, as stated by the court in *Westinghouse,* "[Section 541] defines property of the bankruptcy estate to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.' The scope of section 541 is broad, ***and includes causes of action***." *Id.* at 707 (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983)); *see also* 11 U.S.C. §§ 541(a) (estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case") and 541(b) (listing exclusions from estate property, which exclusions do not include causes of action); *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) ("assets of the estate properly included any of [the debtor's] causes of action causes of action"); *In re Goldstein*, 526 B.R. 13, 21 (B.A.P. 9th Cir. 2015) ("Legal causes of action are included within the broad scope of § 541. This includes prepetition tort causes of action.") (emphasis added, internal cites and quotes omitted).

Given the foregoing, it is clear that the Seventh CFR is property of Mr. Moshkovich's bankruptcy estate. Further, the Defendants have not shown any public policy rational as to why the Seventh CFR should not be included in property of the estate, which would be contrary to the plain meaning of Section 541 and Ninth Circuit authority. This is particularly true here, because Mr. Moshkovich is the debtor and the debtor in possession. Thus, this is not a situation like in *Westinghouse* where there was a Chapter 7 trustee and a question arose as to who should hold the claim. Even so, in *Westinghouse,* the court did not rule that the litigation claim belonged to the debtor.

The same is true here. As a result, the Defendants' first argument for dismissal based on a lack of subject matter jurisdiction fails.

**Second,** the Defendants argue that the Court does have subject matter jurisdiction over the Seventh CFR under 28 U.S.C. §§ 1331, 1332 or through supplemental jurisdiction under 28 U.S.C. § 1367. This argument wholly ignores that, as alleged in the Complaint, subject matter jurisdiction in this adversary is premised on "28 U.S.C. §§ 151, 157, and 1334" … "and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05 ("GO 13-05"), dated July 1, 2013."[3] Thus, one is left to wonder why the Defendants took the time and effort to set up and knock down strawmen bases for subject matter jurisdiction that were not even asserted by Mr. Moshkovich. Indeed, after the foregoing irrelevant exercise, in the next section of the Motion, the Defendants acknowledge the statutory predicates that were actually alleged by Mr. Moshkovich as bases for subject matter jurisdiction over the Complaint and the CFRs contained therein.

**Third,** after finally acknowledging that the Court can assert subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, the Defendants nonetheless argue that the Seventh CFR is only "related to" Mr. Moshkovich's bankruptcy case and that it is a non-core proceeding (at least as to R. Shy and B. Shy). Based on the foregoing, the Defendants go on to argue that the Seventh CFR cannot be adjudicated by this Court and this Court cannot enter a final judgment on the Seventh CFR as to R. Shy and B. Shy without their consent, because they have not filed proofs of claim. This does not serve as a basis for the dismissal of the Seventh CFR as against R. Shy and B. Shy. Indeed, as the Defendants admit in the next sentence after making this subject matter jurisdiction argument, even if this Court cannot enter a final judgment against R. Shy and B. Shy, this Court can adjudicate the Seventh CFR and then send a report and recommendation to the District Court, who would then enter final judgment. This is exactly what is contemplated by GO 13-05, which, again, is asserted as basis for this Court's jurisdiction in the Complaint. Specifically, GO 13-05 provides, in relevant part, as follows:

---

[3] Complaint, ¶ 2.

> (1) **<u>Referral of Bankruptcy Cases and Proceedings.</u>** Pursuant to 28 U.S.C. § 157(a), the [District] Court hereby refers to the bankruptcy judges for the Central District of California all cases under Title 11 of the United States Code ("Title 11") and all proceedings arising under Title 11 or arising in or ***related to*** a case under Title 11.
>
> …
>
> (2) **<u>Authority of Bankruptcy Judges.</u>** …. Absent the parties' consent, the bankruptcy judges of the Central District of California may:
>
> > …
> >
> > (b) in non-core proceedings, and in core proceedings that may not be determined by a non-Article III tribunal, hear proceedings and submit proposed findings of fact and conclusions of law to the district court; any final order or judgment in such a proceeding shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

GO 13-05 (emphasis added).[4]

In consideration of the foregoing, none of the Defendants' arguments serve as a basis to dismiss the Seventh CFR as against R. Shy and B. Shy. At most, the Court cannot enter a final judgment on the Seventh CFR against R. Shy and B. Shy and instead can adjudicate the matter short of a final judgment and then submit proposed findings of fact and conclusions of law to the district court. Mr. Moshkovich agrees with the foregoing.

### B. <u>EACH CFR IS BASED ON A COGNIZABLE LEGAL THEORY AND FACTUAL ALLEGATIONS THAT SUPPORT THE FACIAL PLAUSIBILITY OF THE CFR; THEREFORE, THERE IS NO BASIS TO DISMISS ANY CFR PURSUANT TO RULE 12(b)(6).</u>

#### 1. <u>RULE 12(b)(6) STANDARDS.</u>

FRCP 12, applicable herein pursuant to FRBP 7012, provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."[5] In the Ninth Circuit,

[4] A true and correct copy of GO 13-05 is attached hereto as **Exhibit "1"** for ease of reference.

[5] Fed. R. Civ. P. 12(b)(6), Fed. R. Bankr. P. 7012

motions to dismiss under FRCP 12(b)(6) are viewed with "disfavor" and may be granted only under "extraordinary circumstances."[6]

FRCP 8(a), applicable herein pursuant to FRBP 7008, sets forth "liberal pleading standards."[7] In practice, that means that a plaintiff's complaint need only set forth "a short and plain statement" of the grounds for the court's jurisdiction and a plausible claim for relief.[8] A complaint's factual allegations must merely "raise a right to relief above the speculative level."[9] "***This is not an onerous burden***. 'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests.'"[10]

Three basic rules have long governed a court's analysis of FRCP 12(b)(6) motions. The well-established rules, articulated by the U.S. Supreme Court and the Ninth Circuit, are:

1. The court must accept all factual allegations in the complaint as true;[11]
2. The court must construe the complaint, and draw all reasonable inferences from it, in the light most favorable to the plaintiff;[12] and
3. The court must liberally construe the complaint "so as to do justice."[13]

---

[6] *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Mindlab Media, LLC v. LWRC Int'l LLC, No. CV 11-3405 CAS (FEMX)*, 2012 WL 386695, at *2 (C.D. Cal. Feb. 6, 2012) ("[I]t is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).").

[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

[8] FED. R. CIV. P. 8(a); *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1237 (C.D. Cal. 2014) (citing *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'")

[9] *Twombly*, 550 U.S. at 555.

[10] *Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (*citing and quoting *Pardus*, 551 U.S. at 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (emphasis added).

[11] *See Iqbal*, 556 U.S. at 663; *Cahill v. Liberty Mut. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

[12] *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 598 (1989); *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Associated General Contractors of America v. Metropolitan Water Dist. of So. Calif.*, 159 F.3d 1178, 1181 (9th Cir. 1998).

[13] *See* Fed. R. Civ. P. 8(e); *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("All pleadings shall be construed as to do substantial justice.").

This liberality is appropriate to the context. The issue a court addresses in a FRCP 12(b)(6) motion is "not whether a plaintiff will ultimately prevail, but whether [the plaintiff] is entitled to offer evidence to support the claims."[14] As *Twombly* put it, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations."[15] Ultimately, dismissal of a claim pursuant to FRCP 12(b)(6) is proper ***only*** where there is either: (1) a "'lack of cognizable legal theory,'" or (2) an "'absence of sufficient facts alleged under a valid legal theory.'" *Riverside Healthcare Sys.*, LP, 534 F.3d at 1121 (post-*Twombly* case) (citing and quoting *Balisteri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) and reversing order dismissing complaint pursuant to Rule 12(b)(6)); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 793 (N.D. Cal. 2011) (post-*Twombly* and *Iqbal* case) (citing and quoting *Balisteri* and denying Rule 12(b)(6) motion to dismiss except as to cause of action for unjust enrichment because it is not an, independent standalone cause of action). Thus, "it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)."[16]

The foregoing tests set a relatively low standard for pleading claims in a manner sufficient to survive a FRCP 12(b)(6) motion to dismiss and, conversely, set a high bar for a defendant to prevail on a FRCP 12(b)(6) motion. Here, the Defendants did not specifically address each CFR so it is hard to determine what the Defendants' arguments for dismissal as to each CFR are. With that said, as discussed below, Mr. Moshkovich has met the applicable standards and adequately pled each CFR. On the other hand, the Defendants have fallen well short of meeting the high bar for prevailing on their Motion as to any of the CFRs.

---

[14] *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *see also Padilla v. Yoo*, 633 F. Supp. 2d 1005, 1019 (N.D. Cal. 2009) (same).

[15] *Twombly*, 550 U.S. at 564 n.8; *see also id.* at 546. The liberality that these rules afford continues even in the wake of the Supreme Court's rulings in *Twombly* and *Iqbal*. Together, *Twombly* and *Iqbal* merely clarify that a complaint's "short and plain statement" of the grounds of jurisdiction and relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint containing factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" easily satisfies this threshold. *Id.*

[16] *Mindlab Media, LLC v. LWRC Int'l LLC,* No. CV 11-3405 CAS (FEMX), 2012 WL 386695, at *2 (C.D. Cal. Feb. 6, 2012).

**2. THE FIRST, SECOND, THIRD, AND FOURTH CFRS FOR DECLARATORY RELIEF.**

The First, Second, Third, and Fourth CFRs (collectively, the "Declaratory Relief CFRs"), seek declaratory relief pursuant to 28 U.S.C. § 2201 regarding, (1) whether and to what extent BOBS' Claim is secured by Mr. Moshkovich's Real Property,[17] (2) the interest rate applicable to BOBS' Claim,[18] and (3) the amount of BOBS' Claim and, specifically, whether the Claim must be reduced by the Alleged 2019 Missed Payments or related late fees, because the evidence, including admission by BOBS, establish that the Debtor made the Alleged 2019 Missed Payments.[19] BOBS asserts that the Declaratory Relief CFRs must be dismissed, because 28 U.S.C. § 2201 only creates a remedy and not a separate cause of action.[20] BOBS is wrong. Even if it were right, the Declaratory Relief CFRs tie to an independent CFR, the Ninth CFR against BOBS seeking to disallow, offset, and/or reclassify BOBS' Claim pursuant to 11 U.S.C. § 502(b). Since, as discussed below, there is no basis to dismiss the Ninth CFR, there is also no basis to Dismiss the Declaratory Relief CFRs.

The Declaratory Judgment Act (the "DJ Act"), 28 U.S.C. § 2201 provides that:

> In a case of actual controversy within its jurisdiction …, any court of the United States, ***upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought***. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (emphasis added). Consistent with the foregoing, the Ninth Circuit has held that "[a] suit for declaratory judgment on the rights and obligations of an insurance contract is a valid federal cause of action if an 'actual controversy' exists regarding the contract." *State Farm Mut. Auto. Ins. Co. v. Coates*, 933 F.2d 1015 (9th Cir. 1991) (citing and quoting 28 U.S.C. §2201(a) and citing *United States v. Transp. Indem. Co.*, 544 F.2d 393 (9th Cir. 1976)); *see also Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 834 (N.D. Cal. 2009) ("In determining whether a plaintiff's

---

[17] The First and Second CFRs. *See* Complaint, ¶¶ 74-84.

[18] The Third CFR. *See* Complaint, ¶¶ 85-89.

[19] The Fourth CFR. *See* Complaint, ¶¶ 90-97.

[20] Motion, § III.H.

claim properly invokes the DJ Act, courts consider 'whether the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' A declaratory judgment plaintiff must demonstrate, by a totality of the circumstances, the presence of an actual or imminent injury caused by the defendant that can be redressed by judicial relief.") (citing and quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) ("The Declaratory Judgment Act embraces both constitutional and prudential concerns. A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. It must also fulfill statutory jurisdictional prerequisites.") (internal cites omitted). Based on the foregoing, the DJ Act does create a cause of action, provided that, in order for the Declaratory Relief CFRs to survive, Mr. Moshkovich must plead sufficient facts to demonstrate that there is an actual controversy between him and BOBS and actual or imminent injury caused by BOBS that can be redressed by judicial relief.

With that said, Mr. Moshkovich acknowledges that there are cases holding that the DJ Act "does not in itself create a separate cause of action, but rather a claim for declaratory relief must be tied to an independent substantive claim." *Labrecque v. NewRez LLC*, No. CV1900465TUCRCCEJM, 2020 WL 3276699, at *9 (D. Ariz. June 16, 2020), report and recommendation adopted, No. CV1900465TUCRCCEJM, 2020 WL 4364215 (D. Ariz. July 30, 2020) (citing *Ansley v. Banner Health Network*, 459 P.3d 55, 63 (Ariz. 2020). However, the dismissal of a claim for declaratory relief under the DJ Act is only appropriate where there is no independent substantive claim for relief or the court dismisses the independent substantive claim for relief. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010); *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) ("In general, we have applied the principle that when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.") (internal cites and quotes omitted). Likewise, claims for relief under the DJ Act are appropriate where they can

result in declarations as to future rights. *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)

Here, whether or not an independent substantive claim for relief is required, there is no basis to dismiss the Declaratory Relief CFRs. Assuming an independent substantive claim for relief is ***not*** required, a claim for relief under the DJ Act is a cognizable legal theory and the Complaint alleges sufficient facts to support that there is an there is an actual controversy between Mr. Moshkovich and BOBS regarding the extent and validity of BOBS' alleged lien and the amount of its Claim.[21] Further, the controversy relates to an actual injury caused by BOBS (*e.g.*, initiating foreclosure proceedings without a valid lien, overcharging the Debtor for interest, and overstating BOBS' Claim) and imminent injury that may be caused by BOBS (*e.g.,* asserting a right to object to or block a sale of Mr. Moshkovich's Real Property in this bankruptcy case, asserting a lien on proceeds from the sale of the Real Property without a valid lien, and asserting a right to obtain relief from stay, seek adequate protection, and/or foreclose on the Real Property without a valid lien).

Assuming an independent substantive claim for relief ***is*** required, the Complaint asserts an independent CFR that ties to the Declaratory Relief CFRs. Specifically, the Ninth CFR (Objection to Claim) (1) incorporates all of the general and specific allegations of the Complaint supporting the First through Eighth CFRs, which include the Declaratory Relief CFRs, and (2) asserts that, "[t]o the extent Mr. Moshkovich succeeds on any or all of his First through Eighth Claims for Relief in this Complaint, BOBS' POC must be disallowed, offset, and/or reclassified, as appropriate, pursuant to 11 U.S.C. § 502(b)." There is no doubt that Section 502(b) creates a claim for relief for an objection to claim. 11 U.S.C. § 502(b).[22] In fact, where, as here, an objection to claim is tied to a request "to

---

[21] Complaint, ¶¶ 10-97..

[22] Section 502 states in relevant part, as follows:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.
>
> (b) … [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

determine the validity, priority, or extent of a lien or other interest in property" and "to obtain a declaratory judgment relating to [] the foregoing," an adversary proceeding is required. Fed. R. Bankr. P. 7001(2) and (9) (this FRBP further undercuts BOBS' assertion that the Debtor does not have a viable claim for declaratory relief regarding BOBS' alleged lien and related alleged secured claim and the amount thereof). As noted above, Mr. Moshkovich's Declaratory Relief CFRs are supported and reasonably plausible based on the allegations in the Complaint. It follows that the Ninth CFR asserting a Claim Objection is likewise supported and reasonably plausible and, therefore, not subject to dismissal under FRCP 12(b)(6).

**3. THE FIFTH CFR FOR USURY.**

BOBS admits that there is a cognizable claim under California law for usury where interest above 10% is charged.[23] The Complaint alleges that the BOBS Loan Documents are governed by California law and that they specified interest ranging from 12% to 12.5%.[24] However, BOBS asserts that it is not subject to the usury CFR because one or more exceptions apply.

BOBS asserts that an exception to the usury CFR applies because BOBS' loans to Mr. Moshkovich were not for personal, family, or household purposes. However, that assertion is based on Exhibit "3" to the Motion, which cannot be considered in ruling on BOBS. Motion. More specifically, "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," unless (1) the subject document is attached to the complaint or, if not attached to the complaint, the complaint necessarily relied on the document or (2) the document is subject to judicial notice under Fed. R. Evid as a matter of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Neither of these exceptions apply here. Exhibit "3" to the Motion is an unauthenticated document that was not attached to the Complaint or relied on for Fifth CFR for usury, or any other CFR. Likewise Exhibit "3" is only a matter of public records because BOBS' attached it to a prior pleading.[25] At most, the Court can take judicial notice that Exhibit "3" was filed in this case, but not as to the truth of the facts asserted therein. *See, e.g., id.* at

[23] Motion, § III.E.
[24] Complaint, ¶¶ 100-101.
[25] Motion, at p. 18, Request for Judicial Notice, Item 4.

690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. Here, the district court incorrectly took judicial notice of the validity of Kerry Sanders's waiver, which was as yet unproved.") (internal cites and quotes omitted); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (on a Rule 12(b)(6) motion, "the court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."). Based on the foregoing, Exhibit "3" to the Motion cannot form the basis for granting BOBS' Motion to the Fifth CFR based on this purported exception to usury.

As a second purported basis for dismissal of the Fifth CFR, BOBS asserts that there is an exception to the usury claim because the loans from BOBS were made or arranged for by a person licensed as a real estate broker by the state of California.[26] As with the other alleged exception, this one is also based on Exhibit "3" to the Motion, which is objectionable and cannot form the basis for granting BOBS' Motion to the Fifth CFR for the same reasons set forth in the paragraph immediately above. BOBS also asserts that this exception applies because "the subsequent advances and the loan modifications [after the 2014 loan] were also handled by a licensed real estate broker Rommy Shy."[27] BOBS tries to support this assertion by citing to the "Complaint generally."[28] However, the Complaint asserts that "B. Shy [*i.e.*, Barry Shy not Rommy Shy] acted as BOBS' agent in respect to all of the loans to Mr. Moshkovich from BOBS and arranged for all such loans."[29]

Based on the foregoing, there is no basis to dismiss the Fifth CFR pursuant to FRCP 12(b)(6).

**4. <u>THE SIXTH CFR TO AVOID FRAUDULENT OBLIGATION.</u>**

By way of the Sixth CFR, Mr. Moshkovich is seeking to avoid the $500,000 Exit Fee under the 9/4/19 Loan Modification Agreement as a constructively fraudulent obligation pursuant to 11 U.S.C. § 548(a)(1)(B). As with many other CFRs, BOBS does not assert that there is not a

---

[26] Motion, § III.E.

[27] Motion, § III.E.

[28] Motion, § III.E.

[29] Complaint, ¶ 57.

cognizable claim to avoid a fraudulent obligation.[30] Instead, BOBS makes a number of assertions as to why the Mr. Moshkovich purportedly received reasonably equivalent value in exchange for the obligation to pay the Exit Fee. First and foremost, BOBS' arguments on the issue of reasonably equivalent value completely miss the point. BOBS argues that Mr. Moshkovich received reasonably equivalent value for the obligation to pay the $500,000 Exit Fee because without it BOBS would not have made the loan.[31] However, as alleged in the Complaint, the obligation for the $500,000 Exit Fee was incurred pursuant to the 9/4/19 Loan Modification Agreement under which BOBS did ***not*** make any additional loans and merely provided a brief forbearance.[32]

Second, issues regarding whether or not an obligor received reasonably equivalent value in exchange for the obligation is a question of fact that cannot be decided in the context of a Rule 12(b)(6) motion. *See In re Aletheia Research & Mgmt., Inc.*, No. 2:12-47718-BR, 2015 WL 8483728, at *8 (B.A.P. 9th Cir. Dec. 10, 2015) (findings regarding whether or not reasonably equivalent value was received in exchange for a transfer are not appropriate in the context of a motion to dismiss under Civil Rule 12(b)(6)").

Third, as noted, the Complaint alleges that the obligation for the $500,000 Exit Fee was incurred pursuant to the 9/4/19 Loan Modification Agreement under which BOBS did not make any additional loans and merely provided a brie forbearance; the Complaint further alleges that "Mr. Moshkovich received no value and, in any event, less than reasonably equivalent value in exchange for the obligation to pay the $500,000 Exit Fee pursuant to the 9/4/19 Loan Modification Agreement."[33] These allegations are sufficient to plead the lack of reasonably equivalent value element of Section 548(a)(1)(B), because they allege the date, amount, source and recipient of the $500,000 Exit Fee as the alleged fraudulent obligation. *See In re Prototype Eng'g & Mfg., Inc.*, No. 2:17-BK-21018-RK, 2019 WL 9243004, at *5 (Bankr. C.D. Cal. Dec. 12, 2019) (stating that "[t]he courts have generally determined that constructive fraudulent transfer claims are adequately pleaded under Federal Rule of Civil Procedure 8(a)(2) when certain elements, such as the dates, amounts,

---

[30] Motion, § III.F.
[31] Motion, § III.F.
[32] Complaint, ¶¶ 53-55.
[33] Complaint, ¶¶ 53-55, 107.

source, and transferee of each alleged transfer are alleged" and denying Rule 12(b)(6) motion to dismiss a claim to avoid a constructively fraudulent transfer because the subject complaint adequately alleged the value of and the parties to the alleged fraudulent transfer) (internal cites and quotes omitted).

Based on the foregoing, there is no basis to dismiss the Sixth CFR pursuant to FRCP 12(b)(6).

**5. THE SEVENTH CFR FOR ELDER ABUSE.**

The Seventh CFR is for damages for financial elder abuse.[34] The requirements for a financial elder abuse claim are set forth in Cal. Welf. & Inst. Code §§ 15610.10 *et seq.*, which provides, in relevant part, as follows:

> **15610.27.** "Elder" means any person residing in this state, 65 years of age or older.
> …
>
> **15610.30.** (a) "Financial abuse" of an elder … when a person or entity does any of the following:
>
> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder … for a wrongful use or with intent to defraud, or both.
>
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder … for a wrongful use or with intent to defraud, or both.
>
> (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder … by undue influence, as defined in Section 15610.70.
>
> …
>
> (c) For purposes of this section, a person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder … is deprived of any property right, including by means of an agreement ….
> …

Cal. Welf. & Inst. Code §§ 15610.27 and .30. Thus, a claim for financial elder abuse requires only

[34] Complaint, ¶¶ 10-97.

***one*** of the following: (1) taking of property for a "wrongful use," (2) taking of property with intent to defraud, ***or*** (3) taking of property by "undue influence." Cal. Welf. & Inst. Code § 15610.30. "Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs."

Based on the foregoing, there can be no dispute that there is a cognizable claim under the law for damages for financial elder abuse. Instead, the Defendants assert that the Complaint does not contain sufficient allegations to support a facially plausible claim for financial elder abuse and that the Complaint merely copies and pastes requirements of such a claim.[35] A review of the Complaint shows that this is incorrect. The Complaint alleges that Mr. Moshkovich was 65 years or older at all times relevant to the Complaint.[36] The Complaint goes on to allege seven specific examples of how the Defendants engaged in financial elder abuse. As set alleged in the Complaint:

> BOBS, R. Shy, and B. Shy engaged in financial elder abuse of Mr. Moshkovich by way of the following conduct (a) charging or causing BOBS to charge usurious interest in violation of California law, (b) presenting and having Mr. Moshkovich sign the 12/5/17 Note providing for scheduled monthly payments in the amount of $114,583.33, which is based on annual interest at the rate of 12.50%, despite that both the 12/5/17 Note and 12/5/17 Loan Modification Agreement provided for annual interest at the rate of 12.25%, which would amount to a monthly payment of $112,291.66 (i.e., 12/5/17 Disguised Interest Increase), (c) taking payments from Mr. Moshkovich in the amount of $114,583.33 between January 2018 and June 2018 based on the 12/5/17 Disguised Interest Increase and, therefore, resulting in the 12/5/17 Note Interest Overpayments totaling $13,750.02, (d) presenting Mr. Moshkovich with the 9/4/19 Loan Modification Agreement providing that Mr. Moshkovich was delinquent on six monthly interest payments of $132,708 for the months of April 2019 through and including September 2019 for a total of $796,248 in alleged delinquent payments (i.e., the Alleged 2019 Delinquent Payments), despite knowing and having records that Mr. Moshkovich had timely made the required April 2019 through July 2019 payments, (e) despite making numerous representations to Mr. Moshkovich that BOBS would loan Mr. Moshkovich up to a total principal amount of $20 million, seeking to foreclose on the Real Property when BOBS had only loaned a total principal amount of $13,060,000, (f) pursuing a foreclosure on the Real Property pursuant to the NOD and NOS

[35] Motion, § III.D.
[36] Complaint, ¶ 133.

> stating that foreclosure was based on the 7/22/14 NOD, when the applicable loan documents provide that Mr. Moshkovich's obligations to BOBS are purportedly secured by a 7/26/11 DOT, which is not on title, and (g) causing Mr. Moshkovich to incur substantial legal fees and expenses to file the pursue his bankruptcy case based to defend against an improper foreclosure prosecuted by BOBS (the "Subject Conduct").[37]

The foregoing seven examples of Subject Conduct supporting the Seventh CFR for financial elder abuse are further based on the very specific factual allegations made pursuant to paragraphs 1-73 of the Complaint. The foregoing allegations support a claim for elder abuse and do not merely recite the elements for such a claim. Nevertheless, the Defendants assert that the Complaint does not contain sufficient allegations to support the "wrongful use" element required by Cal. Welf. & Inst. Code § 15610.30(a)(1) and (2).[38] "Wrongful use" is not defined by Cal. Welf. & Inst. Code § 15610.30, but that section provides that "[a] person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, ***among other things***, the person or entity ***takes***, secretes, appropriates, obtains, or retains the property ***and*** the person or entity knew or should have known that this conduct is likely to be harmful to the elder." Cal. Welf. & Inst. Code § 15610.30(b) (emphasis added). Thus, whether conduct constitutes "wrongful use" is subject to interpretation based on the specific facts of the case. *See Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1001–03 (C.D. Cal. 2006) (denying motion to dismiss financial elder abuse claim pursuant to FRCP 12(b)(6), despite the defendant's arguments that such a claim could not lie where it was based on a voluntary transaction between the parties, because the allegations of the complaint, among other things, supported a claim that deceptive practices resulted in defendant's financial gain and to the detriment of the plaintiff).

Here, the Complaint alleges that the Defendants engaged in financial elder abuse by, *inter alia*, "presenting and having Mr. Moshkovich sign the 12/5/17 Note providing for scheduled monthly payments in the amount of $114,583.33, which is based on annual interest at the rate of 12.50%, despite that both the 12/5/17 Note and 12/5/17 Loan Modification Agreement provided for annual interest at the rate of 12.25%, which would amount to a monthly payment of $112,291.66 (i.e.,

[37] Complaint, ¶ 114.

[38] Motion, § III.D.

12/5/17 Disguised Interest Increase)" and "***taking*** payments from Mr. Moshkovich in the amount of $114,583.33 between January 2018 and June 2018 based on the 12/5/17 Disguised Interest Increase and, therefore, resulting in the 12/5/17 Note Interest Overpayments totaling $13,750.02."[39] These allegations support a plausible elder abuse claim based on wrongful use.

The Defendants also assert that the Complaint does not contain sufficient allegations to support the "undue influence" element required by Cal. Welf. & Inst. Code § 15610.30(a)(3).[40] Pursuant to Cal. Welf. & Inst. Code § 15610.70:

> (a) "Undue influence" means excessive persuasion that causes another person to act or refrain from acting by overcoming that person's free will and results in inequity. In determining whether a result was produced by undue influence, all of the following shall be considered:
>
> (1) The vulnerability of the victim. ***Evidence of vulnerability may include, but is not limited to***, incapacity, illness, ***disability, injury***, age, education, impaired cognitive function, emotional distress, isolation, or dependency, and whether the influencer knew or should have known of the alleged victim's vulnerability.
>
> …
>
> (3) The actions or tactics used by the influencer. ***Evidence of actions or tactics used may include, but is <u>not limited to</u>, all of the following***:
>
> (A) Controlling necessaries of life ….
>
> (B) Use of affection, intimidation, or coercion.
>
> (C) Initiation of changes in personal or property rights, use of haste or secrecy in effecting those changes, effecting changes at inappropriate times and places, and claims of expertise in effecting changes.
>
> (4) The equity of the result. Evidence of the equity of the result may include, but is not limited to, the economic consequences to the victim, any divergence from the victim's prior intent or course of conduct or dealing, the relationship of the value conveyed to the value of any services or consideration received, or the appropriateness of the change in light of the length and nature of the relationship.

[39] Complaint, ¶¶ 114(b) and (c) (emphasis added).

[40] Motion, § III.D.

Cal. Welf. & Inst. Code § 15610.70 (emphasis added). As with "wrongful use," whether taking or obtaining real or personal property of and elder results from "undue influence" is subject to interpretation based on the consideration of a multitude of factors based on the specific facts of the case.

Here, Mr. Moshkovich made a number of allegations supporting a claim that the Defendants' elder abuse resulted from "undue influence." For example, in regard to the vulnerability of Mr. Moshkovich and the actions or tactics used by the influencer, the Complaint alleges that (1) Mr. Moshkovich has serious, debilitating health issues, (2) the Defendants (either directly or because B. Shy acted as an agent for BOBS in regard to loans from BOBS) knew about the health issues and that they inhibited his ability to generate income, (3) despite the foregoing, the Defendants (either directly or because B. Shy acted as an agent for BOBS in regard to loans from BOBS), made numerous representations to Mr. Moshkovich that BOBS would loan Mr. Moshkovich up to a total principal amount of $20 million, and (4) contrary to those representations, BOBS cut off funding after only lending a principal amount of only $13 million and, under threat of immediate foreclosure on the Real Property, compelled Mr. Moshkovich to sign the 9/14/19 Loan Modification, which, among other things, falsely states that Mr. Moshkovich was delinquent on a number of payments, including the four Alleged 2019 Missed Payments totaling approximately $530,832, despite BOBS own books and records showing that the Debtor paid the Alleged 2019 Missed Payments.[41] These allegations support a plausible elder abuse claim based on undue influence.

As to R. Shy and B. Shy, the Defendants appear to assert that a claim against them individually for financial elder abuse requires that Mr. Moshkovich allege facts for alter ego liability and/or to pierce BOBS' corporate veil.[42] The Defendants are mistaken. Cal. Welf. & Inst. Code § 15610.30, specifically provides that claims for financial elder abuse can be made "when a person or entity does any of the following … (2) ***Assists*** in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder … for a wrongful use or with intent to defraud, or both Cal. Welf. & Inst. Code § 15610.30 (a)(2) (emphasis added).

---

[41] Complaint, ¶¶ 6-8, 48-51, 53-56, 58-60, 91-97.

[42] Motion, § III.C.

In consideration of the foregoing, the Complaint contains allegations supporting a plausible elder abuse claim. Based on the foregoing, and because the Defendants do not assert that elder abuse is not a cognizable claim, there is no basis to dismiss the Ninth CFR pursuant to FRCP 12(b)(6).

**6. <u>THE EIGHTH CFR FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*</u>**

BOBS does not make any arguments for the dismissal of this CFR. Therefore, the Motion must be denied as to this CFR.

**7. <u>THE NINTH CFR OBJECTING TO BOBS' POC.</u>**

As discussed in Section II.B.2, *supra*, there can be no dispute that Section 502(b) creates a cognizable claim for objecting to BOBS' POC, and the Ninth CFR objecting to BOBS' POC is supported and reasonably plausible based on the allegations in the Complaint. In fact, BOBS does not argue that there is not a cognizable claim under Section 502(b) for objecting to BOBS' POC or that the Complaint does not contain sufficient allegations to support a reasonably plausible claim objection. Based alone on the foregoing, there is no basis to dismiss this CFR pursuant to FRCP 12(b)(6).

BOBS implicitly admits that there is no basis for dismissal. BOBS asserts that there is a dispute between the parties as to how the various agreements between them should be interpreted and whether and to what extent BOBS' has a valid lien securing its Claim.[43] BOBS even admits that factual disputes regarding BOBS alleged claim and lien could require BOBS to introduce Parole Evidence Rule and for the Court to consider it to correct purported scrivener's errors and reform purported typos in the agreements between the parties. This shows that there is a viable Claim Objection CFR to be determined by the Court and, therefore, that there is no basis to dismiss this CFR under FRCP 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)"); *Velasquez v. Cochise City. Superior Court*, No. CV-15-00110-TUC-CRP, 2015 WL 12838801, at *3 (D. Ariz. Dec. 17, 2015 ("The pertinent factual circumstances underlying Plaintiff's

[43] Motion, §§ III.A and B.

claims are uncertain and remain in dispute. Material factual disputes cannot be resolved through a Rule 12(b)(6) motion to dismiss"); *see, e.g.*, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (a motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that defense raises no disputed issues of fact).

**8. THE TENTH CFR FOR INJUNCTIVE RELIEF.**

In regard to this CFR, BOBS only argues that "this is a remedy in search of a solution."[44] BOBS does not make any substantive arguments for the dismissal of this CFR. Therefore, the Motion must be denied as to this CFR.

**C. BOBS' REQUEST FOR ABSTENTION SHOULD BE DENIED.**

BOBS' Motion is captioned, framed, and argued as a motion to dismiss pursuant to FRCP 12(b)(1) and/or (6). Despite the foregoing, in its Conclusion, BOBS requests that the Court enter an order abstaining from deciding this adversary or, alternatively dismissing it. BOBS does not provide any legal basis for abstention and does not argue it. In fact, the word abstention and derivatives thereof only appear twice in the Motion.[45] at pp. Given the foregoing, any order on the Motion should make clear that the Court is denying the Motion to the extent it seeks abstention.

/ / /

/ / /

/ / /

[44] Motion, § III.g.

[45] Motion, p. 6: l. 5 and p. 17, l. 7 (the Conclusion).

## IV.

## CONCLUSION

**WHEREFORE**, Mr. Moshkovich respectfully requests that the Court enter an order (1) denying the Motion in its entirety or, alternatively, granting Mr. Moshkovich leave to amend the Complaint to the extent the Court finds that any CFR requires amendment to state a claim for relief and (2) granting such further and other relief as is warranted under the circumstances, including, but not limited to, leave to amend the Complaint as to any CFR the Court determines was not sufficiently pled and additional time to submit supplemental briefing in the event that the Court converts the Motion into a motion for summary judgment on any of the CFRs.

Dated: November 3, 2020

GENNADY MOSHKOVICH

*/s/ David B. Golubchik*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Counsel for Debtor and Debtor in Possession

# EXHIBIT "1"

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF<br><br>REFERENCE OF CASES AND PROCEEDINGS TO THE BANKRUPTCY JUDGES OF THE CENTRAL DISTRICT OF CALIFORNIA, AND REFERENCE OF APPEALS TO THE BANKRUPTCY APPELLATE PANEL | GENERAL ORDER NO. 13-05<br><br>(Supersedes General Order Nos. 266, 266-A, 269, and 96-04) |

The following is hereby ORDERED:

(1) Referral of Bankruptcy Cases and Proceedings. Pursuant to 28 U.S.C. § 157(a), the Court hereby refers to the bankruptcy judges for the Central District of California all cases under Title 11 of the United States Code ("Title 11") and all proceedings arising under Title 11 or arising in or related to a case under Title 11.

(2) Authority of Bankruptcy Judges. The bankruptcy judges of the Central District of California may, upon consent of the parties, hear, determine, and enter final orders and judgments in any proceeding referred to the bankruptcy judges under this court's General Orders, regardless of whether that proceeding may be designated as "core" or "non-core" within the meaning of 28 U.S.C. § 157. Absent the parties' consent, the bankruptcy judges of the Central District of California may:

(a) hear, determine, and enter final orders and judgments in all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, that may be heard and determined by a non-Article III tribunal; and

(b) in non-core proceedings, and in core proceedings that may not be determined by a non-Article III tribunal, hear proceedings and submit proposed findings of fact and conclusions of law to the district court; any final order or judgment in such a proceeding shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(3) Jury Trials. Pursuant to 28 U.S.C. § 157(e), the court hereby specially designates all bankruptcy judges of the Central District of California to conduct jury trials, with the express consent of all the parties, in all proceedings referred to the bankruptcy judges under this court's General Orders in which the right to a jury trial applies. Jury trials in bankruptcy court shall be subject to the jury plan in effect for the Central District. If the parties consent to a jury trial in a proceeding before a bankruptcy judge, they will be deemed to have consented to the entry of a final order by the bankruptcy judge in that proceeding.

(4) Transferring Cases Back to District Court. If the bankruptcy judge to whom a case is assigned determines that a specific case or proceeding should be heard in the district court, that bankruptcy judge may, on the judge's own motion, transfer the case or proceeding to the district court. The transfer order shall include a statement of legal authorization as to the basis for transfer to the district court.

(5) Appeals. Pursuant to 28 U.S.C. § 158(b)(2), the court hereby authorizes a bankruptcy appellate panel to hear and determine, upon the consent of all the parties: appeals from final judgments, orders, and decrees entered by

bankruptcy judges from this district; and, with leave of the panel, appeals from interlocutory judgments, orders, and decrees entered by bankruptcy judges from this district. The appeals the bankruptcy appellate panel may hear under this paragraph include: appeals filed in the district court on or after July 10, 1984, the effective date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("Act"); and appeals transferred from the bankruptcy appellate panel to the district court pursuant to section 115(b) of the Act.

(6) Effective Date. This General Order shall become effective upon filing by the Clerk of this Court.

IT IS SO ORDERED.

CHIEF UNITED STATES DISTRICT JUDGE

*Date of Approval by the Court:* June 26, 2013

*Date of Filing by the Clerk:* July 1, 2013

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled

**PLAINTIFF' S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FEDERAL RULE OF PROCEDURE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 3, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Todd M Arnold tma@lnbyb.com**
- **David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com**
- **Gregory Grigoryants gregory@grigoryantslaw.com, r40915@notify.bestcase.com**
- **David Jacob david@dpjacob.com**
- **Kelly M Kaufmann bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com**
- **Kenneth G Lau kenneth.g.lau@usdoj.gov**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

**2. SERVED BY UNITED STATES MAIL**: On **November 3, 2020**,, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 3, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **November 3, 2020** | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |