David P Jacob, Esq (SBN 256374)
Law Office of David P. Jacob, P. C
5950 Canoga Avenue Suite 400
Woodland Hills, California 91367
Telephone: (213) 293-5931
Facsimile: (424) 217-1074
Email: david@dpjacob.com

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GENNADY MOSHKOVICH,<br><br>Debtor and Debtor in Possession. | Chapter 11<br><br>Case No. 2:20-bk-11547-BB |
| GENNADY MOSHKOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>BOBS, LLC, a Limited Liability Corporation, ROMMY SHY, an individual, and BARRY SHY, an individual<br><br>Defendants. | Adv. No.: 2:20-ap-01623-BB<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(1) & (6); Fed. R. Bankr. P. 7012]**<br><br>**Date: November 17, 2020**<br>**Time: 2:00 p.m.**<br>**Courtroom: 1539**<br>**255 East Temple Street**<br>**Los Angeles California 90012** |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 4

II. ARGUMENT .......... 7

A. Declaratory judgment relief regarding contractual rights, requires the existence of rights. .......... 7

B. The Debtor fails to show insolvency under 11 U.S.C. § 548. .......... 8

C. The Debtor after acknowledging giving “valuable consideration” in exchange for the exit fee in the 9/2019 Loan Mod, now claims to have given less than equivalent value. .......... 9

D. The Debtor alleges that Barry Shy is an agent, if this was true the loan would still be exempt from usury laws. .......... 9

E. The Debtor misreads the interest rate for purposes of this Adversary to create a non-existent deception that did not cause any damages or give the lender any advantages. .......... 10

F. Because the Debtor failed to show that the Defendants’ actions resulted in damages, the Cal Bus & Prof Code §17200 claim also fails. .......... 11

III. CONCLUSION .......... 12

# TABLE OF CONTENTS

## Cases

*Acevedo Montalvo v. Hernandez Colon*,
440 F. Supp. 238 (D.P.R 1977)....8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....11

*In re Trujillo*
215 B.R. 200 (B.A.P. 9th Cir 1997)....8

*Jones v. Kallman*
199 Cal. App. 3d 131 (1988)....6, 9

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (Cal. 2011)....11

*Labrecque v. NewRez LLC*,
No. CV1900465TUCRCCEJM, 2020 WL 3276699, (D. Ariz. June 16, 2020)....8

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir 2001)....4

*Mejia v. Reed*
31 Cal. 4th 657 (2003)....8

*Negrete v. Fid. & Guar. Life Ins. Co.*,
444 F. Supp. 2d 998 (C.D. Cal. 2006)....10

*State Farm Mut Auto Ins v. Coats*
933 F.2d 1015 (9th Cir 1991)(unpublished)....7

*Turner v. Wells Fargo Bank N.A*.
859 F.3d 1145 (9th Cir 2017)....11

*United States v. Transport Indem Co*
544 F.2d. 393 (9th Cir 1976)....7

*Williams v. Houston Plants & Garden World, Inc*.
508 B.R. 11 (S.D. Tex. 2014)....9

## Statutes

11 U.S.C. § 548....8, 9

Cal Bus & Prof Code § 17200....7, 11

Cal Civ Code § 1916.1....6, 9

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD AND ALL OTHER PARTIES IN INTEREST:**

Defendant Rommy Shy, an individual, and Barry Shy, an individual (together referred to as the "**Individuals**") and BOBS, a Nevada limited liability corporation ("**Lender**"), together referred to as ("**Defendants**"), file this reply memorandum of points and authorities ("**Reply**") in response to Gennady Moshkovich, the debtor and debtor in possession ("**Debtor**") opposition ("**Opposition**") to the Defendants' motion ("**Motion**") to dismiss the complaint ("**Complaint**") in the above titled adversary ("**Adversary**") filed by the Debtor on the following grounds :

## I. INTRODUCTION

The Debtor signed the deed of trust recorded on July 29, 2011, Los Angeles County recording number 20111019288 ("**2011 DOT**") secured by the real estate located at 911/917 Loma Vista Dr Beverly Hills, California 90210 ("**Property**"). As a recorded document and a matter of public record this Court can judicially notice the 2011 DOT, Complaint page 17 line 20 and *Lee v. City of Los Angeles* 250 F.3d 668, 688 (9th Cir 2001). Exhibit "C" and Page 65 of the Motion. The Debtor signed the deed of trust recorded on July 25, 2014 Los Angeles County recording number 20140770548, Complaint page 27, ("**2014 DOT**"). The Debtor signed the note secured by the 2014 deed of trust Complaint page 24 ("**2014 Note**"). The Debtor signed the note dated April 6, 2016, Complaint page 35 ("**4/2016 Note**"). The Debtor signed the note dated August 11, 2016, Complaint page 38 ("**8/2016 Note**"). The Debtor admits that an assignment of the deed of trust was recorded in 2019, Complaint page 41 ("**Assignment**"). The Debtor signed the note dated April 10, 2017, Complaint page 50 ("**4/2017 Note**"). The Debtor signed the note dated December 5, 2017, Complaint page 53 ("**12/2017 Note**"). The Debtor signed the loan modification agreement dated December 5, 2017, Complaint page 57 ("**12/2017 Loan Mod**"). The Debtor signed a second loan modification dated June 27, 2018, Complaint

page 64 ("**6/2018 Loan Mod**"). The Debtor signed a third loan modification dated September 4, 2019, Complaint page 73 ("**9/2019 Loan Mod**"). The 12/2017, 6/2018 and 9/2019 are referred to herein together as the ("**Loan Mods**"). Other than the 2011 DOT, the Debtor admitted to signing nine formal documents that set forth the terms and conditions of the loans and memorialized the parties understanding of the terms and conditions of the loans. The Debtor only now, wants this Court to relieve him of the obligations that the Debtor entered but also requests damages. The Debtor's freedom to contract is now portrayed as financial elder abuse and fraud when the terms and conditions were set forth numerous times in numerous documents.

The Debtor has also had numerous opportunities to challenge the accounting and only now decides to do so. The numerous obligations set forth the interest rate, and now wants this Court to rewrite the contracts and void obligations because of the following ten claims.

(1) First Claim

Loan Mods referenced the 2011 DOT and not the 2014 DOT which automatically means that the Lender no longer has any secured obligations, Complaint ¶¶ 76, 78, because declaratory judgments are a cause of action as well as a remedy, Opposition Page 14 line 9.

(2) Second Claim

The 8/2016 Note fails to reference the 2014 DOT and even if it had referenced the 2014 DOT, the Assignment took place after the 8/2016 Note, which means the Debtor must be free from all obligations under the 8/2016 Note, Complaint ¶¶ 82,84 because declaratory judgments are a cause of action as well as a remedy. Opposition Page 14 line 9.

(3) Third Claim

Declaratory judgment law enable courts to determine the applicable default interest rate to be a total of 15% interest never mind that the 12/2017 Note states that the default interest rate will be the **note rate plus 15%** (emphasis added) see Complaint Page 54 ¶

D. The 17.25% interest charged is 13% less than what the Lender could have charged in the 12/2017 Note. Complaint ¶ 89.

(4) Fourth Claim

The Debtor's payments should be always applied to the invoice for the payment month, rather than the oldest outstanding invoices first, because declaratory judgment law enables a court to disregard this common practice. Complaint ¶ 97

(5) Fifth Claim

Usury claim survives dismissal because the Debtor alleges that Barry Shy as the Lender's agent arranged the loans. Opposition page 18 line 18. Please disregard *Jones v. Kallman* 199 Cal. App. 3d 131 (1988) and Cal Civ Code § 1916.1 (agents under the supervision of a broker are covered by the usury exception), declaratory judgment law not state law determines what is usurious.

(6) Sixth Claim

The Court should only look at the fact that the 9/2019 Loan Mod refers to the 2011 DOT and not the 2014 DOT and not the delinquency that the Debtor ratified and agreed to as well as the adequacy of the consideration agreed to in the 9/2019 Loan Mod. Ignore the time and non-payment period given to the Debtor in exchange for the exit fee as set forth in the 9/2019 Loan Mod. The Court should also disregard the fact that the Debtor was solvent according to the Debtor's own Property valuation at the time of the 9/2019 Loan Mod. Notwithstanding all these inconvenient ratifications, there is still a fraudulent transfer cause of action under 11 U.S.C. § 548(a)(1)(B). Complaint ¶ 107

(7) Seventh Claim

Senior citizens are exempt from the foreclosure of their deed of trust even if they are in default never mind that *Stebley vs Litton Loan Servicing LLP* 202 Cal App 4th 522, 528 (2011) states the opposite. The fraud of referencing the 2014 DOT instead of the 2011 DOT requires the use of an attorney, which proves damages. Complaint ¶ 114 pg 18 line 6 to 9. Disregard the words "limited liability corporation" and hold individuals liable, no facts just on information and belief Complaint ¶ 9.

//

//

(8) Eighth Claim

Merely citing Cal Bus & Prof Code §17200 is enough to survive a motion to dismiss Complaint ¶ 118.

(9). Ninth Claim

Objection to Claim requires success on the other eight claims. Complaint ¶ 120.

(10). Tenth Claim

The Court can grant relief from stay and impose an injunction which is the functional equivalent of an automatic stay ¶ 127.

## II. ARGUMENT

A. **Declaratory judgment relief regarding contractual rights, requires the existence of rights.**

The Debtor cites in the opposition *State Farm Mut Auto Ins v. Coats* 933 F.2d 1015 (9th Cir 1991)(unpublished) 1991 U.S. App. LEXIS 11149 citing *United States v. Transport Indem Co* 544 F.2d. 393 (9th Cir 1976), for the proposition that declaratory judgments can be used to determine the rights and obligations of an insurance contract. Opposition page 14 line 22 to 25. Unlike this Adversary, there were actual state law rights to be determined in federal court. The insurance company in *Coats* had a breach of contract claim under state law and was a diverse party unlike the individuals in this Adversary *Coats* at 1-2.
The United States in *Transport Indem* required a determination under state law whether it was entitled to be indemnified under an insurance contract. Here, we have no authority or state law that would entitle an obligor to be excused from an obligation because of the assignment between an assignee and assignor. Here we have no authority or state law that would entitle a borrower to invalidate an entire security interest because the contract references the deed of trust that was previously recorded but has the same terms as the intended deed of trust. Here, we have no authority or state law, entitling a federal court to

pick and choose the interest rate, merely because declaratory judgment is requested. Here we have no authority or state law, which determines the proper way borrower payments should be applied to a loan in default. Declaratory judgments are not to be used to enable federal courts to write state law property rights and contractual rights that do not exist. See *Acevedo Montalvo v. Hernandez Colon*, 440 F. Supp. 238, 242 (D.P.R 1977)(Federal Court's lack jurisdiction to entertain constitutional claims that merely construe state statutes).

Another case that Debtor cites is *Labrecque v. NewRez LLC*, No. CV1900465TUCRCCEJM, 2020 WL 3276699, at *9 (D. Ariz. June 16, 2020) for the proposition that declaratory judgments are tied to an independent substantive claim. Unlike *Labrecque* which cites RESPA, the Debtor cites no substantive law that entitles Debtor to a declaratory judgment relief.

B. **The Debtor fails to show insolvency under 11 U.S.C. § 548.**

11 U.S.C. § 548(a)(1) requires a transfer and then 11 U.S.C. § 548(a)(1)(A) requires that the transfer be made with actual intent to delay or 11 U.S.C. § 548(a)(1)(B) that the debtor receive less than equivalent value in exchange for such transfer or obligation; and under one of the four conditions exist. 11 U.S.C. §§ 548(a)(1)(B)(ii)(I-IV) which indicate insolvency. None of those conditions exist here. The Debtor claims to have been solvent at the time of the alleged fraudulent transfer under Complaint ¶ 108. The Debtor then claims that 11 U.S.C. § 548(a)(1)(B)(ii)(III) applies to the Lender because of the Lender's valuation of the Property. Complaint ¶ 108, when it is really all about the Debtor's belief and intent as to the transaction that would be beyond debtor's ability to pay.

The Debtor wants a now for then (nunc pro tunc) theory of fraudulent transfer. If the sale of the Property does not cover the obligations, then the exit fee in the 9/2019 Loan Mod was a fraudulent transfer. Complaint ¶ 108. The fraudulent transfer statute requires the proponent to show the facts at the time of the transfer. *Mejia v. Reed* 31 Cal. 4th 657, 658 (2003) (under UFTA) *In re Trujillo* 215 B.R. 200, 203 (B.A.P. 9th Cir 1997). Additionally, a debtor's schedules can judicially estop voidable transfer actions. *Adelphia*

*Recovery Trust v. Goldman Sachs & Co* 748 F.3d 110, 119 (2nd Cir 2014)(asset schedules played a key role in the bankruptcy process and estopped a fraudulent conveyance claim against a subsidiary).

C. **The Debtor after acknowledging giving "valuable consideration" in exchange for the exit fee in the 9/2019 Loan Mod, now claims to have given less than equivalent value.**

The Debtor wants this Court to pick and choose what parts of the loan documents to focus on and disregard other parts of those same documents. The 9/2019 Loan Mod states "for valuable consideration receipt of which is hereby acknowledged, the parties agree as follows" that in exchange for the Lender refraining from filing a "Notice of Default until 2/4/20" and charging "default interest or late fees as is Lender's right by the terms of the Loan Documents" Complaint Pages 74 75. The Lender will stop charging further delinquent interest and late fees, if the borrower pays the then existing delinquent interest. Complaint Pages 74. The Debtor was aware of how the payments were to be applied. First to the delinquent amount and then the regular interest payments and then to principal.

The equivalent value was memorialized in the 9/2019 Loan Mod. By agreeing to the 9/2019 Loan Mod and acknowledging the valuable consideration, the Debtor acted as if there was equivalent value. The 9/2019 Loan Mod was also recorded so other creditors were on constructive notice, and shows that there was no intent to defraud other creditors under 11 U.S.C. § 548(a)(1)(A). *Williams v. Houston Plants & Garden World, Inc.*, 508 B.R. 11, 15 (S.D. Tex. 2014)(lack of concealment was one factor that prevented the trustee from avoiding the transfer).

D. **The Debtor alleges that Barry Shy is an agent, if this was true the loan would still be exempt from usury laws.**

*Jones v. Kallman* 199 Cal. App. 3d 131 (1988) and Cal Civ Code § 1916.1 (agents under the supervision of a broker are covered by the usury exception). Even if the Lender's corporate veil were to be respected, the loans are still exempt from the usury laws. *Bock v. California Capital Loans, Inc.* 216 Cal. App. 4th 264, 265 (2013) (although the

corporation was a legal entity distinct from its shareholder, the broker acted for compensation within the meaning of Cal Civ Code § 1916.1).

E. **The Debtor misreads the interest rate for purposes of this Adversary to create a non-existent deception that did not cause any damages or give the lender any advantages.**

The Complaint states that the interest rate should be 15% because the 12/2017 Note stated the default interest rate is 15% Complaint ¶ 87 Line 7-9, when the 12/2017 Note attached to the Complaint as Exhibit "7" page 54 paragraph D states that the default interest rate would be the "**note rate plus fifteen percent"** (emphasis added). Here the 17.25% charged is a 13% discount from that default rate that the Debtor himself agreed to in the 12/2017 note. Where are the damages? The Debtor is receiving a discount. The actual default rate is the note rate plus 5% because of the course of dealing and that every note states that the default rate is note rate plus 5% (2014 Note Complaint Exhibit "1" ¶ D Page 24; 4/2016 Note Complaint Exhibit "3" ¶ D page 35; 8/2016 Note Complaint Exhibit "4" ¶ D page 38; 4/2017 Note Complaint Exhibit "6" ¶ D page 51; ) except the 12/2017 note which showed a 15% plus note rate as the default rate, Complaint Exhibit "7" ¶ D page 54

The Complaint cites *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1001–03 (C.D. Cal. 2006) for the proposition that the defendants arguments failed because the allegation in that case supported a claim that deceptive practices resulted in defendant's financial gain and to the detriment of the plaintiff). The defendant in *Negrete* received money it would not have received but for the aggressive marketing and pretend advising. *Id* at 1002. Here, we do not have any facts that resulted in the Defendants receiving any more money than without the "deception". The 15% plus note rate did not result in the Lender receiving more in default interest rate than the usual 5% plus note rate.

The Debtor knew that there was an obligation and knew he was in default of that obligation. How did the reference to the 2011 DOT instead of the 2014 DOT result in any damages? How did the application of the payment to the oldest outstanding invoice result in any damages? The so called "disguised interest" referenced in ¶ 47 and ¶ 46, was not

disguised because the monthly payment of $114,843.75 in the 12/2017 Loan Mod is clearly disclosed and not hidden. Complaint Page 57. Both the 2011 DOT and the 2014 DOT stated that the default rate was 5% above the note rate.

The Complaint states that Barry Shy made "numerous representations to the [Debtor] that the [Lender] would loan [Debtor] up to a total principal amount of $20 million." Complaint ¶ 60. These numerous representations needed to change the Debtor's behavior or cause damage to the Debtor that would not have existed but for the representations. There are no facts which suggest that these representations impacted the Debtor to act contrary to Debtor's own interests.

F. **Because the Debtor failed to show that the Defendants' actions resulted in damages, the Cal Bus & Prof Code §17200 claim also fails.**

To prevail on a Cal Bus & Prof Code §17200 claim, the plaintiff must establish damages that actually resulted from the deceptive practices.

> "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 120 (Cal. 2011) Cited by *Turner v. Wells Fargo Bank N.A*. 859 F.3d 1145, 1151 (9th Cir 2017).

The Debtor has not shown that the deceptive practice itself resulted in the injury more that the foreclosure caused the injury. The foreclosure could have existed without the alleged interest rate change, as the Debtor admitted being in default. Instead of showing grounds for relief under 17200, the Debtor merely provided a label making that claim also ripe for dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

//

//

//

//

//

## III. CONCLUSION

WHEREFORE, the Defendants respectfully renews their requests that the Court enter an order:

1. Either abstaining from deciding the above titled adversary ("**Adversary**") or;

2. Dismissing the Adversary with prejudice; and

3. Granting such other and further relief as this Court may deem just and proper.

DATED: November 13, 2020

Respectfully submitted,

Law Offices of David P. Jacob, P.C.

David Jacob, Esq.
Attorney for Defendants

| Gennady Moshkovich vs. BOBS LLC et al | CHAPTER: 11<br>CASE NUMBER: 2:20-ap-01623-BB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5950 Canoga Avenue Suite 400 Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 13, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Todd M. Arnold, Esq (Plaintiff's Counsel):** tma@lnbyb.com;
**David B. Golubchik, Esq (Plaintiff's Counsel)**: dbg@lnbyb.com; stephanie@lnbyb.com
**David P. Jacob (Defendants' Counsel)**: david@dpjacob.com;
**United States Trustee (Los Angeles)**: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **November 13, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**(United States Bankruptcy Judge)**
Honorable Sheri Bluebond
255 E. Temple Street, Suite 1534
Los Angeles, California 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 13, 2020 | **David P. Jacob** | /s/David P. Jacob |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |