David P Jacob, Esq (SBN 256374)
Law Office of David P. Jacob, P. C
5950 Canoga Avenue Suite 400
Woodland Hills, California 91367
Telephone: (213) 293-5931
Facsimile: (424) 217-1074
Email: david@dpjacob.com

Attorney for Rommy Shy and Barry Shy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GENNADY MOSHKOVICH,<br><br>Debtor | Chapter 7<br><br>Case No. 2:20-bk-11547-BB |
| GENNADY MOSHKOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>BOBS, LLC, a Limited Liability Corporation, ROMMY SHY, an individual, and BARRY SHY, an individual<br><br>Defendants. | Adv. No.: 2:20-ap-01623-BB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT BY INDIVIDUAL DEFENDANTS' WITH MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE IN SUPPORT**<br><br>**[Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012]**<br><br>**Date: February 2, 2021**<br>**Time: 2:00 p.m.**<br>**Courtroom: Government Zoom** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF AND ALL OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that defendant Rommy Shy, an individual, and defendant Barry Shy, an individual, (together "**Individuals**") hereby move this Court ("**Motion**"), pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, incorporating Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the first

amended complaint filed by plaintiff and debtor Gennady Moshkovich ("**Plaintiff**") against the Individuals, on the grounds that Plaintiff has failed to state a claim upon which relief may be granted as to all causes of action brought against the Individuals, since Plaintiff failed to add any facts enabling the Plaintiff to pierce the corporate veil to pursue the Individuals.

This Motion is based on this notice of motion and Motion; and the memorandum of points and authorities in support of this Motion; all pleadings, records, and files in this action; all matters of which judicial notice may be taken; any oral or written evidence or argument that the Court may consider at the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will be heard on February 2, 2021 at 2:00 pm ("**Hearing Date**") on government zoom pursuant to instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-sheri-bluebond under telephonic instructions and tentative rulings for February 2, 2021

**PLEASE TAKE FURTHER NOTICE** that under Local Bankruptcy Rule 9013-1(a)(7) of the local rules of the United States Bankruptcy Court for the Central District of California, any opposition to the relief sought in this Motion must be filed with the Court and served on counsel for the Individuals at David P. Jacob 5950 Canoga Avenue Suite 400, Woodland Hills, California 91367 and other parties required to be served at least 14 days before the Hearing Date.

Failure to timely file and serve any opposition may be deemed by the Court to consent to granting of the relief requested in the Motion.

DATED: January 8, 2021

Respectfully submitted,

Law Offices of David P. Jacob, P.C.

David Jacob, Esq.
Attorney for Defendants

David P Jacob, Esq (SBN 256374)
Law Office of David P. Jacob, P. C
5950 Canoga Avenue Suite 400
Woodland Hills, California 91367
Telephone: (213) 293-5931
Facsimile: (424) 217-1074
Email: david@dpjacob.com

Attorney for Rommy Shy and Barry Shy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GENNADY MOSHKOVICH,<br><br>Debtor | Chapter 7<br><br>Case No. 2:20-bk-11547-BB |
| GENNADY MOSHKOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>BOBS, LLC, a Limited Liability Corporation, ROMMY SHY, an individual, and BARRY SHY, an individual<br><br>Defendants. | Adv. No.: 2:20-ap-01623-BB<br><br>**INDIVIDUAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS;**<br><br>**[Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012]**<br><br>**Date: February 2, 2021**<br>**Time: 2:00 p.m.**<br>**Courtroom: Government Zoom** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF AND ALL OTHER PARTIES IN INTEREST:** Defendant Rommy Shy, an individual, and Barry Shy, an individual (together referred to as the "**Individuals**") move ("**Motion**") through their undersigned counsel to dismiss the first amended complaint ("**Complaint #2**") in the above titled adversary ("**Adversary**") filed by Gennady Moshkovich ("**Plaintiff**"), the debtor ("**Debtor**") in the above titled bankruptcy case (the "**Main Case**") pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(6), made

applicable to this Adversary Proceeding by the Federal Rule of Bankruptcy Procedure ("**FRBP**") 7012 for the following reasons:

## I. ARGUMENT

The Plaintiff's complaint ("**Complaint**") filed in this Adversary contained ten claims for relief against the BOBS LLC a Nevada Limited Liability Corporation ("**Lender**") with the seventh claim ("**Elder Abuse Claim**") against both the Lender and the Individuals, (together referred to herein as the "**Defendants**"). The Court's tentative adopted as this Court's ruling ("**Ruling**") and attached as **Exhibit** "**1**" stated:

> Court agrees that the debtor should plead facts to support his contention that the individuals are alter egos of BOBS; however, the only claim that appears to have been asserted against the individuals is the Seventh Claim for relief, which is for elder abuse, and the motion should be granted without leave to amend with regard to that claim.

Plaintiff in its first amended complaint ("**FAC**") has still failed to plead facts to support his contention that the Individuals are alter egos of the Lender, failing to fully comply with the Ruling. The Individuals are still listed in the caption and in the prayer for relief in the FAC and should be removed (Complaint #2 Pg 22 ¶10). The only action Plaintiff has taken in response to the Ruling is the removal of the Elder Abuse Claim from Complaint. The Plaintiff's failure to comply with the Ruling could be a product of the hasty exit by Plaintiff's counsel, drafting the FAC as a placeholder to maintain Plaintiff's rights before jumping ship. Regardless of the explanation or excuse, the Individuals should be dismissed out of this Adversary.

**The FAC fails to state a claim against the Individuals.**

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) . A court should assess whether a pleading adequately states a claim for relief by

(1) taking notes of the elements of the claims for relief;

(2) disregarding conclusory allegations;

(3) assume the veracity of well pleaded allegations and

(4) determine whether claim contains plausible allegations supporting each element of the claim.

<u>See</u> *Id* at 675-79

The standard requires that the Court make reasonable inferences in favor of the plaintiff *Id* at 778, not inferences that do not logically follow from a particular set of facts, *Id.* at 779 (judges should use their judicial experience and common sense). Here, the only added allegation to FAC in response to the Court's request for alter ego facts, is that "On information and belief B. Shy has a financial interest in BOBS and/or some of its loans" Complaint #2 ¶9. Plaintiff expects the pleaded facts to lift more than they are capable of lifting while overestimating their legal significance.

**An alter ego claim requires facts.**

Plaintiff presents actual dates with events, exhibits containing loan modification agreements, notes, deeds of trust with specifics regarding the secured nature of the Lender's claim. After presenting these specifics, Plaintiff presents no specifics, no information, and no details, but nevertheless concludes that Plaintiff is entitled to pierce the Lender's corporate veil to collect on the Individuals', Complaint ¶¶ 9 11 and FAC ¶¶ 7-10. The allegations are mere recitations of elements. Plaintiff and most likely his counsel have no basis in law or fact to substantiate these allegations. Plaintiff cannot both conclude that the Lender is undercapitalized, while at the same time accept and request loan proceeds on demand. <u>See</u> Fed R. Bankr. P. 9011(c). Plaintiff's 2004 motion which yielded the production of the documents which form the basis of the Complaint, did not include a request for corporate formation documents, exhibit A from that 2004 motion (Main Case Dkt 70). The Complaint implied because the Lender is a single member LLC that entitled the Plaintiff to pierce the corporate veil *Bock v. California Capital Loans, Inc.,* 216 Cal. App. 4th 264 (2013)(recognizing the existence of the single member LLC and covering that LLC under the usury exemption for real estate brokers). Now FAC confuses this theory by introducing an allegation that B. Shy has also has a financial interest in Lender and the

loans. Just as the Complaint lacked alter ego facts, FAC also fails to plead alter ego facts and the Individuals should be dismissed out of this Adversary.

## II. CONCLUSION

WHEREFORE, the Individuals respectfully requests that the Court enter an order:

1. Dismissing FAC against the Individuals and/or

3. Granting such other and further relief as this Court may deem just and proper.

DATED: January 8, 2021

Respectfully submitted,

Law Offices of David P. Jacob, P.C.

David Jacob, Esq.
Attorney for Defendants

David P Jacob, Esq (SBN 256374)
Law Office of David P. Jacob, P. C
5950 Canoga Avenue Suite 400
Woodland Hills, California 91367
Telephone: (213) 293-5931
Facsimile: (424) 217-1074
Email: david@dpjacob.com

Attorney for Rommy Shy and Barry Shy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GENNADY MOSHKOVICH,<br><br>Debtor | Chapter 7<br><br>Case No. 2:20-bk-11547-BB |
| GENNADY MOSHKOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>BOBS, LLC, a Limited Liability Corporation, ROMMY SHY, an individual, and BARRY SHY, an individual<br><br>Defendants. | Adv. No.: 2:20-ap-01623-BB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS;**<br><br>**[Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012]**<br><br>**Date: February 2, 2021**<br>**Time: 2:00 p.m.**<br>**Courtroom: Government Zoom** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF AND ALL OTHER PARTIES IN INTEREST:**

Pursuant to the Fed R. of Evid 201, the above-named defendants, through their undersigned counsel, hereby request that the Court take judicial notice of the following documents the existence of which are not the subject of any reasonable dispute. Unless otherwise stated, the capitalized terms in the motion to dismiss the above complaint ("**Motion**") shall have the same meanings as they do in the Motion.

1. The FAC filed in this Adversary.

2. Complaint filed in this Adversary.
3. A true and correct copy of the Ruling is attached as **Exhibit** "**1**".
4. A true and correct copy of the Order is attached as **Exhibit** "**2**" Dkt # 16

DATED: January 8, 2021

Respectfully submitted,

Law Offices of David P. Jacob, P.C.

David Jacob, Esq.
Attorney for Defendants

# EXHIBIT "1"

EXHIBIT "1"

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Judge Sheri Bluebond, Presiding
## Courtroom 1539 Calendar

**Tuesday, November 17, 2020** **Hearing Room 1539**

2:00 PM
**2:20-11547 Gennady Moshkovich** **Chapter 11**
Adv#: 2:20-01623 Moshkovich v. Bobs, LLC et al

**#204.00** Defendant's Motion to Dismiss Adversary Proceeding Under Federal Rules of Procedure 12(b)(1),12(b)(6)

Docket 4

**Courtroom Deputy:**

**11/17/20 - Video/audio web address:** https://cacb.zoomgov.com/j/**1608354786**
**ZoomGov meeting number: 160 835 4786**
**Password: 767124**

**Telephone conference lines:** 1 (669) 254 5252 or 1 (646) 828 7666
(when prompted, enter meeting number and password shown above)

Zoomgov Appearance by:

**Tentative Ruling:**

Debtor has asserted 10 claims for relief:
1. declaratory relief as to whether the entire claim is unsecured;
2. declaratory relief as to whether part of the claim is unsecured;
3. declaratory relief as to the correct interest rate;
4. declaratory relief that the debtor has not been given credit for all payments that have been made;
5. damages for usury;
6. avoidance of a fraudulent transfer as to the "exit fee";
7. elder abuse;
8. unlawful business practices;
9. objection to claim; and
10. injunctive relief.

Court rejects movant's jurisdictional arguments. Bankruptcy court's jurisdiction arises under section 1334 and is not based on diversity or other federal question jurisdiction. The gist of the complaint is to ascertain the

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1539 Calendar**

**Tuesday, November 17, 2020** **Hearing Room 1539**

2:00 PM
**CONT... Gennady Moshkovich** **Chapter 11**

extent to which Bob's holds a secured claim against real property of the estate and the amount of that claim. Not only does the bankruptcy court have subject matter jurisdiction over these issues, it has core jurisdiction over these issues as it involves the allowance or disallowance of Bobs' claims against the estate.

It is bizarre that movant cites Sierra Switchboard for the proposition that the elder abuse claim is personal to the debtor and cannot be brought by his estate in light of the fact that the holding of that case was that the debtor's claim for emotional distress WAS an asset of his bankruptcy estate. Movant points to footnote 3 as the relevant portion of the case. Footnote 3 says,

"We need not decide whether emotional distress might in some circumstances be so personal to the debtor that it would be undesirable, on public policy grounds, to transfer the property interest to the bankruptcy trustee. *See In re Brooks*, 12 Bankr. 22, 24-25 (S.D. Ohio 1981) (debtor cited no public policy reason why Congress could not expand definition of property to include personal injury claim). In the circumstances of this case, we perceive no persuasive public policy rationale." How does that help movant's case?

Movant also argues that the debtor cannot litigate his claims against the individuals in bankruptcy court. This is an inaccurate statement of the law as well. The court certainly has subject matter jurisdiction over these defendants under 28 U.S.C. section 1367, as bankruptcy courts in the Ninth Circuit have been recognized as having supplemental jursdiction under this section, and the claims alleged arise out of the same set of transactions and occurrences as the claims over which the bankruptcy court has core jurisdiction. The question is rather whether the bankruptcy court can enter final orders with regard to these claims, not whether they are within the court's jurisdiction.

The claims against BOBS, as outlined above, are core claims, and BOBS has filed a proof of claim, consenting to the court's jurisdiction. There is no problem with this court's entering final orders that are necessary to ascertain the amount and availability of security for Bobs' claims. The debtor asserts that the individuals are alter egos of Bobs. If plaintiff proves this to be the case, they may be deemed to have consented to the bankruptcy court's

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1539 Calendar**



jurisdiction as well. However, there is no need for this court to dismiss a claim merely because it would be within the court's "related to" rather than "core" jurisdiction. The Court can make a report and recommendation to the district court with regard to claims against the individuals.

(NOTE: Movant's choice of authority to support its position is questionable as well. In Wellness, an individual (Sharif) owed money to Wellness and its owners. Wellness filed a nondischargeability action against Sharif in his bankruptcy case and, in the context of that nondischargeability action, sought to prove that a trust Sharif claimed to administer was in fact Sharif's alter-ego and that its assets were his personal property and part of his bankruptcy estate. The bankruptcy court entered a default judgment against Sharif. While the appeal was pending but before briefing closed, the Supreme Court decided Stern v. Marshal. After briefing closed, Sharif sought permission to file a supplemental brief raising a Stern objection. The District Court denied the motion, finding it untimely, and affirmed the Bankruptcy Court's judgment. The Seventh Circuit reversed, finding that the Bankruptcy Court lacked constitutional authority to enter final judgment on that claim and that this was a structural problem that could not be waived. The Supreme Court disagreed and found that parties can consent to adjudication of a claim by a bankruptcy court and that that consent can be express or implied, but had to be knowing and voluntary. The case has nothing whatsoever to do with whether an alleged alter ego of a claimant consents to the entry of final orders by a bankruptcy court when the claimant has consented to the entry of final orders by filing a proof of claim.)

Court agrees that the debtor should plead facts to support his contention that the individuals are alter egos of BOBS; however, the only claim that appears to have been asserted against the individuals is the Seventh Claim for relief, which is for elder abuse, and the motion should be granted without leave to amend with regard to that claim. Debtor -- who currently serves as a debtor in possession and purports to be sufficiently competent to administer his assets for the benefit of the estate -- is not alleging that the debtor suffered from any mental incapacity (only a condition that is physically debilitating), and there is nothing on these facts to establish anything other than a relationship of borrower and lender or that there is anything other than a dispute as to whether or not the loans were properly documented and the amounts due thereunder properly calculated. This should not be turned into an "elder

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1539 Calendar**



abuse" claim merely because the debtor is over 65.

Similarly, the Eighth Claim for Relief adds nothing here. This dispute is not about unlawful business practices. It is about whether the loan was documented in a manner that is sufficient to create enforceable secured claims and whether the interest calculations are enforceable and correct. However, motion does not contain any discussion of this claim for relief. Therefore, deny motion insofar as it relates to the Eighth Claim for Relief.

Deny motion with regard to Fifth Claim for Relief for usury. Movant seeks to rely on facts not alleged in the complaint, and this is a motion to dismiss, not a motion for summary judgment. The complaint is adequately pleaded. Movant may have a defense, but that is not an issue to be decided today as it does not appear on the face of the complaint.

Court rejects movant's argument that the complaint fails because "typos do not result in free homes". No one is talking about avoiding the obligations entirely (at least not the unpaid principal amount). The issue is whether these obligations are secured. Complaint adequately pleads numerous problems with the documentation that may well result in there not being an enforceable deed of trust to secure the debtor's obligations to BOBS. (Typos CAN on appropriate facts make a security interest unperfected or unenforceable as against a trustee.)

Court has issues with the debtor's Sixth Claim for Relief to avoid a fraudulent transfer, but not for the reasons outlined in the motion. The court will not summarily adjudicate that there was, or was not, reasonably equivalent value given for this fee. The problem the court sees is the contingent nature of the claim. The debtor is absolutely NOT conceding that the estate was insolvent or rendered insolvent AT THE TIME THE OBLIGATION WAS INCURRED. Whether the value of the property turns out to be enough to pay claims in full in the context of this bankruptcy case is not the question. If the debtor wants to avoid the "exit fee" he will need to plead the elements necessary to establish a fraudulent transfer. He has not done so. Grant motion with regard to Sixth Claim for relief with leave to amend.

Court also rejects movant's contentions with regard to the Tenth Claim for relief. The automatic stay is a different animal from a traditional injunction

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1539 Calendar**

**Tuesday, November 17, 2020** **Hearing Room 1539**

2:00 PM
**CONT... Gennady Moshkovich Chapter 11**

granted if the party requesting that relief can make the requisite showing. The standards used to determine whether the automatic stay should be lifted are not the same as those used by a court to decide whether to grant injunctive relief on either a preliminary or a permanent basis. Deny motion with regard to Tenth Claim for Relief.

Court has no problem with the debtor's use of a claim for declaratory relief for the purpose of determining whether and to what extent the lender's claims are secured, what the appropriate interest rate should be and whether the lender has given the borrower credit for all payments made. Deny motion insofar as it seeks the dismissal of the debtor's first through fourth claims for relief and its ninth claim for relief, which is an objection to claim.

So, to recap, grant the motion without leave to amend with regard to the debtor's 7th claim for relief. Grant the motion with leave to amend with regard to the debtor's 6th claim for relief. Deny the motion with regard to all other claims for relief. To the extent that the motion asks this court to abstain from adjudicating the action, deny this request for relief as well.

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Gennady Moshkovich | Represented By<br>David B Golubchik<br>Todd M Arnold |

**Defendant(s):**

| | |
|---|---|
| Bobs, LLC | Represented By<br>David Jacob |
| Rommy Shy | Represented By<br>David Jacob |
| Barry Shy | Represented By<br>David Jacob |

**Movant(s):**

| | |
|---|---|
| Bobs, LLC | Represented By<br>David Jacob |

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Judge Sheri Bluebond, Presiding
## Courtroom 1539 Calendar

**Tuesday, November 17, 2020** **Hearing Room 1539**

---

2:00 PM
**CONT...** **Gennady Moshkovich** **Chapter 11**

| | |
|---|---|
| Rommy Shy | Represented By<br>David Jacob |
| Barry Shy | Represented By<br>David Jacob |

**Plaintiff(s):**

| | |
|---|---|
| Gennady Moshkovich | Represented By<br>Todd M Arnold<br>David B Golubchik |

# EXHIBIT “2”

# EXHIBIT “2”

DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dbg@lnbyb.com, tma@lnbyb.com

Attorneys for Plaintiff Debtor and Debtor in Possession

FILED & ENTERED

DEC 02 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

GENNADY MOSHKOVICH,

Debtor and Debtor in Possession.

GENNADY MOSHKOVICH,

Plaintiff,

v.

BOBS, LLC, a California limited liability company, ROMMY SHY, an individual, and BARRY SHY, an individual,

Defendants.

Case No.: 2:20-bk-11547-BB

Chapter 11 Case

Adversary Case No.: 2:20-ap-01623-BB

**ORDER RE: (1) DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FEDERAL RULE OF PROCEDURE 12(b)(1) AND 12(b)(6) AND (2) STATUS CONFERENCE**

Hearing
Date: November 17, 2020
Time: 2:00 p.m.
Place: Courtroom 1539
255 E. Temple Street
Los Angeles, CA 90012

At the above-referenced date, time, and location, the Court (1) held a hearing to consider the *Motion To Dismiss Complaint Under Federal Rule Of Procedure 12(b)(1) And 12(b)(6)* (the "Motion") [Dkt. 4] filed BOBS, LLC (the "BOBS"), Rommy Shy ("R. Shy"), and Barry Shy ("B. Shy"), the defendants herein (the "Defendants") and (2) conducted a status conference (the "Status Conference") in the above-captioned adversary proceeding (the "Adversary"). Appearances were made as set forth on the record of the Court.

Pursuant to the Motion, the Defendants were seeking to dismiss the *Complaint (1) For Declaratory Relief Regarding Entirety Of Alleged Lien And Secured Claim; (2) For Declaratory Relief Regarding A Portion Of Alleged Lien And Secured Claim; (3) For Declaratory Relief Regarding Applicable Interest Rate; (4) For Declaratory Relief Regarding Claim Reduction For Payments Made; (5) For Usury; (6) To Avoid Fraudulent Transfer; (7) For Elder Abuse; (8) Violation Of California Business And Professions Code Section 17200 Et Seq.; (9) Objecting To Claim; And (10) Injunctive Relief* (the "Complaint") [Dkt. 1] filed by Gennady Moshkovich, the Chapter 11 debtor and debtor in possession in the above-captioned bankruptcy case and the plaintiff herein (the "Plaintiff"), and the ten Claims for Relief asserted pursuant to the Complaint (each a "CFR"))

Upon consideration of the Motion, the opposition to the Motion filed by the Plaintiff, the Defendants' reply to the opposition, the status conference report filed by the parties herein, the record in this Adversary, and the arguments and comments of counsel at the hearing on the Motion and the Status Conference, and based on the Court's tentative ruling and ruling on the record, which are incorporated herein,

**IT IS HEREBY ORDERED as follows:**

(1) The Motion is **GRANTED IN PART and DENIED IN PART** as follows:

a. The Motion is **GRANTED** in regard to the sixth CFR to avoid an alleged fraudulent obligation, but that CFR is dismissed with leave to amend;

b. The Motion is **GRANTED** in regard to the seventh CFR for damages for elder abuse and that CFR is dismissed without leave to amend;

c. The Motion is **DENIED** with regard to all other CFRs;

d. The Plaintiff shall file <u>and serve</u> an amended complaint consistent with the foregoing by no later than **December 18, 2020**; and

**e.** BOBS shall respond to the amended complaint by no later than **January 8, 2021;**

**(2)** The Status Conference is hereby continued to **February 2, 2021 at 2:00 p.m.,** and the parties shall submit a joint status report by no later than **January 19, 2021.**

**IT IS SO ORDERED.**

###

Date: December 2, 2020

Sheri Bluebond
United States Bankruptcy Judge

| | |
|---|---|
| **Gennady Moshkovich** vs. **BOBS LLC et al** | CHAPTER: **7**<br>CASE NUMBER: **2:20-ap-01623-BB** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5950 Canoga Avenue Suite 400 Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT BY INDIVIDUAL DEFEDNANTS' WITH MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 8, 2021** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**David P. Jacob (Defendants' Counsel)**: david@dpjacob.com;
**United States Trustee (Los Angeles)**: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **January 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**(United States Bankruptcy Judge)**
Per General Order 20-12 paper copies under 25 pages are not required.

**(Plaintiff)**
Gennady Moshkovich
911 Loma Vista Dr.
Beverly Hills, CA 90210

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 8, 2021 | **David P. Jacob** | /s/David P. Jacob |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |