David P Jacob, Esq (SBN 256374)
Law Office of David P. Jacob, P. C
5950 Canoga Avenue Suite 400
Woodland Hills, California 91367
Telephone: (213) 293-5931
Facsimile: (424) 217-1074
Email: david@dpjacob.com

Attorney for BOBS LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>GENNADY MOSHKOVICH<br>Debtor | Chapter 7<br>Case No. 2:20-bk-11547-BB |
| GENNADY MOSHKOVICH,<br>Plaintiff,<br>vs.<br>BOBS, LLC, a California limited liability company, ROMMY SHY, an individual, and BARRY SHY, an individual,<br>Defendants.. | Adv. No.: 2:20-ap-01623-BB<br>**ANSWER AND SEPARATE DEFENSES TO FIRST AMENDED COMPLAINT**<br>**Status Conference**<br>**Date**: February 2, 2021<br>**Time**: 2:00 p.m.<br>**Courtroom**: Government Zoom |

Defendant BOBS LLC ("**Defendant**"), by and through its undersigned counsel, file this Answer to the first amended complaint (the "**Complaint**") of Gennady Moshkovich ("**Plaintiff**"), the Plaintiff and Defendant are referred together herein as (the "**Parties**") and states as follows:

//

//

//

## JURISDICTION AND VENUE

**1.** Defendant admits that there is an adversary proceeding ("**Adversary**") and the bankruptcy case is pending and denies that the Adversary is a core proceeding with respect to Barry Shy ("**B. Shy**") and Rommy Shy ("**R. Shy**") together referred to herein as (the "**Individuals**").

**2.** Defendant admits that the Court has jurisdiction over the Defendant and denies that the Court has jurisdiction over the Individuals.

**3.** Defendant admits that venue is proper for the Defendant and denies regarding venue for the Individuals.

**4.** Admitted.

## PARTIES

**5.** Admitted.

**6.** Admitted.

**7.** In response to paragraph 7 of the Complaint, Defendant admits that R. Shy is an owner and managing member of Defendant and resides in the County of Los Angeles, Defendant denies R. Shy is subject to the jurisdiction of this Court.

**8.** In response to paragraph 8 of the Complaint, Defendant admits that B. Shy is R Shy's father and resides in the County of Los Angeles and acted as an agent of Defendant. Defendant denies R. Shy is subject to the jurisdiction of this Court.

**9.** Denied.

**10.** Denied.

## GENERAL ALLEGATIONS

**11.** Defendant admits Plaintiff owns the real estate located in the County of Los Angeles 911 Loma Vista Drive Beverly Hills, California 90210 ("**Real Estate**"), Defendant denies that the Real Estates was always Debtor's personal residence.

## 2011 LOANS, 7/26/11 DOT, 7/22/14 NOTE AND 7/22/14 DOT

**12.** Paragraph 12 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 12 contains factual allegations, Defendant denies.

**13.** Admitted.

**14.** Admitted.

**15.** Admitted.

**16.** Admitted.

**17.** Admitted.

**18.** Admitted.

**19.** In response to paragraph 19 of the Complaint, Defendant admits that the 7/26/11 DOT was discharged, but denies that the 7/26/11 DOT is no longer in title because the document is still in the title history.

**20.** Admitted.

**<u>4/6/16 NOTE</u>**

**21.** Admitted.

**22.** Admitted.

**23.** In response to paragraph 23 of the Complaint, the Defendant admits that the document referenced state the sentence cited, to the extent the sentence reflects the Parties' understanding at the time of the particular transaction, the Defendant denies the allegation.

**24.** Admitted.

**<u>8/11/16 NOTE</u>**

**25.** Admitted.

**26.** Admitted

**27.** Admitted

**28.** In response to paragraph 28 of the Complaint, the Defendant admits that the document referenced state the sentence cited, to the extent the sentence reflects the Parties' understanding at the time of the particular transaction, the Defendant denies the allegation.

**29.** Admitted.

//

**11/16/16 ASSIGNMENT OF THE 7/22/14 NOTE AND 7/22/14 DOT FROM SPRING 7 TO BOBS**

**30.** Admitted.

**31.** Admitted.

**32.** Defendant admits R. Shy notarized the referenced document and Defendant denies all allegations contained in this paragraph that cast doubt on the assignment.

**33.** Admitted.

**34.** Paragraph 34 of the Complaint contains a conclusion of law to which no response is required. The Defendant admits that the assignment was recorded, to the extent paragraph 34 contains other factual allegations or implications, Defendant denies.

**4/10/17 NOTE**

**35.** Admitted.

**36.** Admitted.

**37.** To the extent that this paragraph is a typo and intended to reference the 4/10/17 note, the Defendant admits, as stated in the Complaint, the Defendant denies.

**38.** In response to paragraph 38 of the Complaint, the Defendant admits that the document referenced state the sentence cited, to the extent the sentence reflects the Parties' understanding at the time of the particular transaction, the Defendant denies.

**39.** In response to paragraph 32 of the Complaint, the Defendant admits that the document referenced state the sentence cited, to the extent the sentence reflects the Parties' understanding at the time of the particular transaction, the Defendant denies.

**12/5/17 NOTE AND LOAN MODIFICATION AGREEMENT**

**40.** Admitted.

**41.** Admitted.

**42.** Denied.

**43.** Admitted.

**44.** Admitted.

//

**45.** In response to paragraph 45 of the Complaint, the Defendant admits that the documents referenced state the sentences cited, to the extent these sentences reflect the Parties' understanding at the time of the particular transaction, the Defendant denies.

**46.** Denied.

**47.** Denied.

**48.** Denied.

**6/27/18 LOAN MODIFICATION AGREEMENT**

**49.** Admitted.

**50.** Admitted.

**51.** Admitted.

**52.** In response to paragraph 52 of the Complaint, the Defendant admits that the documents referenced state the sentences cited, to the extent these sentences reflect the Parties' understanding at the time of the particular transaction, the Defendant denies.

**53.** Same answer as ¶19.

**9/4/19 LOAN MODIFICATION AGREEMENT**

**54.** Admitted.

**55.** Admitted.

**56.** In response to paragraph 56 of the Complaint, the Defendant admits that the documents referenced state the sentences cited, to the extent these sentences reflect the Parties' understanding at the time of the particular transaction, the Defendant denies.

**57.** Same answer as ¶19.

**B. SHY AS BOBS' AGENT IN CONNECTION WITH LOANS AND RELATED REPRESENTATIONS**

**58.** Admitted.

**59.** Paragraph 59 of the Complaint contains no allegations, and no answer is required.

**60.** Denied.

**61.** Denied.

//

**MR. MOSHKOVICH'S PAYMENTS TO BOBS**

**62.** Denied.

**63.** Admitted.

**RECORDING OF NOD AND NOTICE OF TRUSTEE'S SALE**

**64.** Admitted.

**65.** Admitted.

**66.** Admitted.

**67.** In response to paragraph 67 of the Complaint, Defendant admits that the various loan modification documents mentioned reference a deed of trust recorded on 7/26/2011 and that the notice of trustee sale references a deed of trust dated 7/22/14. To the extent these sentences reflect the Parties' understanding at the time of the particular transaction or contains other allegations, Defendant denies.

**68.** Admitted.

**69.** Admitted.

**70.** In response to paragraph 70 of the Complaint, Defendant admits that the various loan modification documents mentioned reference a deed of trust recorded on 7/26/2011 and that the notice of trustee sale references a deed of trust dated 7/22/14. To the extent that paragraph 70 contains or implies other allegations Defendant denies.

**THE FILING OF THE DEBTOR'S BANKRUPTCY CASE**

**71.** Defendant lacks knowledge or information to form a belief as to the truth of the facts set forth in paragraph 71 and on that basis denies the same.

**BOBS PROOF OF CLAIM**

**72.** Admitted.

**73.** Admitted.

**74.** Admitted.

//

//

//

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 – Re a Applicable Interest Rate)**

**(Against BOBS)**

**75.** In response to paragraph 75 of the Complaint, Defendant refers to its answers to paragraph 1 through 74 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**76.** Admitted.

**77.** In response to paragraph 77 of the Complaint, Defendant admits that the various loan modification documents mentioned reference a deed of trust recorded on 7/26/2011 To the extent that paragraph 77 contains other allegations Defendant denies.

**78.** Paragraph 78 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 79 contains factual allegations, Defendant denies

**79.** Paragraph 79 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 79 contains factual allegations, Defendant denies.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 – Re a Applicable Interest Rate)**

**(Against BOBS)**

**80.** In response to paragraph 80 of the Complaint, Defendant refers to its answers to paragraph 1 through 79 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**81.** In response to paragraph 81, Defendant admits that the 8/11/16 DOT states that it was secured by a Deed of Trust against the Real Property, Defendant denies that this fact reflected the understanding of the Parties.

**82.** Admitted.

**83.** Denied.

**84.** Paragraph 84 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 84 contains factual allegations, Defendant denies.

**85.** Paragraph 85 of the Complaint contains conclusions of law to which no response

is required. To the extent paragraph 85 contains factual allegations, Defendant denies.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 –Re a Applicable Interest Rate)**

**(Against BOBS)**

**86.** In response to paragraph 86 of the Complaint, Defendant refers to its answers to paragraph 1 through 86 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**87.** Admitted.

**88.** Denied.

**89.** Paragraph 89 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 89 contains factual allegations, Defendant denies.

**90.** Paragraph 90 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 90 contains factual allegations, Defendant denies.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 –**

**Re Reduction of BOBS' Claims Based on Payments Made to BOBS)**

**(Against BOBS)**

**91.** In response to paragraph 91 of the Complaint, Defendant refers to its answers to paragraph 1 through 90 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**92.** Denied.

**93.** Denied.

**94.** Defendant lacks knowledge or information to form a belief as to the truth of the facts set forth in paragraph 94, and on that basis denies the same.

**95.** In response to paragraph 95, Defendant admits receiving payments, denies the interest rate cited.

**96.** Admitted.

**97.** Paragraph 97 of the Complaint contains conclusions of law to which no response

is required. To the extent paragraph 97 contains factual allegations, Defendant denies.

**98.** Paragraph 98 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 98 contains factual allegations, Defendant denies.

**FIFTH CLAIM FOR RELIEF (For Usury) (Against BOBS)**

**99.** In response to paragraph 99 of the Complaint, Defendant refers to its answers to paragraph 1 through 98 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**100.** Defendant admits that Plaintiff entered the transactions described and denies that these were the only documents and/or transactions upon which the Plaintiff's loan was based.

**101.** Paragraph 101 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 101 contains factual allegations Defendant denies.

**102.** Paragraph 102 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 102 contains factual allegations, Defendant denies.

**103.** Paragraph 103 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 103 contains factual allegations, Defendant denies.

**104.** Paragraph 104 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 104 contains factual allegations Defendant denies.

**105.** Admitted.

**106.** Paragraph 106 of the Complaint contains a conclusion of law to which no response is required. To the extent paragraph 106 contains factual allegations Defendant denies.

**SIXTH CLAIM FOR RELIEF**

**(To Avoid Fraudulent Obligation - 11 U.S.C. § 548(a)(1)(B))**

**(Against BOBS)**

**107.** In response to paragraph 107 of the Complaint, Defendant refers to its answers to paragraph 1 through 106 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**108.** Denied.

**109.** Admitted.

**110.** In response to paragraph 110, Defendant admits to valuing the Real Estate in its relief from stay motion at 18 million dollars, Defendant lacks knowledge or information to form a belief as to the truth of the facts set forth in paragraph 110 except for the asset value of $18,474 whose recently approved sale price was $800,000, a 4,300% price increase. To the extent that paragraph 110 contains other allegations not opinions or legal conclusions, Defendant denies.

**111.** Denied.

**112.** Paragraph 112 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 112 contains factual allegations, Defendant denies.

**SEVENTH CLAIM FOR RELIEF**

**(Injunctive Relief - Red. R. Civ. P. 65 and Fed. R. Bankr. P. 7065)**

**(Against BOBS)**

**113.** In response to paragraph 113 of the Complaint, Defendant refers to its answers to paragraph 1 through 113 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**114.** Paragraph 114 of the Complaint contains conclusions of law to which no response is required. Defendant suspects that the reference to Cal. Welf. & Inst. Code § 15610 et seq., is a typo, however to the extent that it is a claim for relief, the above referenced code section should be stricken. To the extent paragraph 114 contains factual allegations, Defendant denies.

**EIGHTH CLAIM FOR RELIEF**

**(Objection to Claim 11 U.S.C. § 502(b))**

**(Against BOBS)**

**115.** In response to paragraph 115 of the Complaint, Defendant refers to its answers to paragraph 1 through 114 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**116.** Paragraph 116 of the Complaint contains conclusions of law to which no response

is required. To the extent paragraph 116 contains factual allegations, Defendant denies.

**NINTH CLAIM FOR RELIEF**

**(Injunctive Relief - Red. R. Civ. P. 65 and Fed. R. Bankr. P. 7065)**

**(Against BOBS)**

**117.** In response to paragraph 117 of the Complaint, Defendant refers to its answers to paragraph 1 through 116 of the Complaint set forth herein above and incorporates them by reference as though set forth in full.

**118.** Paragraph 118 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 116 contains factual allegations, Defendant denies.

**119.** In response to paragraph 119 of the Complaint, Defendant admits it would seek to foreclose on the Real Property, however Defendant would prefer to seek such a foreclosure sale on terms more favorable than what the Plaintiff and creditors are projected to receive, should the current sale of the Real Property be fully consummated and completed. To the extent paragraph 119 includes any other allegations, Defendant denies.

**120.** Paragraph 120 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 120 contains factual allegations, Defendant denies.

**121.** Paragraph 121 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 121 contains factual allegations, Defendant denies.

**122.** Paragraph 122 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 122 contains factual allegations, Defendant denies.

**123.** Paragraph 123 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 123 contains factual allegations, Defendant denies.

**PRAYER FOR RELIEF**

1. In response to paragraph 1 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.
2. In response to paragraph 2 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.

3. In response to paragraph 3 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief and in particular Plaintiff's own evidence contradicts the interest rates proposed.
4. In response to paragraph 4 of the prayer for relief, Defendant denies the allegation that the payments were misapplied to the Plaintiff's debt.
5. In response to paragraph 5 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.
6. In response to paragraph 6 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.
7. In response to paragraph 7 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.
8. In response to paragraph 8 of the prayer for relief, since the Defendant disputes the Plaintiff's right to the underlying claims supporting this right to relief, Defendant disputes Plaintiff's right to this claim for relief.
9. In response to paragraph 9 of the prayer for relief, Defendant disputes the Plaintiff's right to this claim for relief.
10. In response to paragraph 10 of the prayer for relief, Plaintiff has not established any facts to entitle Plaintiff to an alter ego claim for relief against the Individuals.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant further alleges each and all of the following as a separate affirmative defense to the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Ratification)**

Even if Plaintiff allegations and calculations were correct, Plaintiff ratified the modifications with the stated facts, balances and interest rates within.

//

//

//

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

Even if Plaintiff allegations and calculations were correct, Plaintiff waived the right to bring the claims set forth herein.

**THIRD AFFIRMATIVE DEFENSE**

**(Reformation of Contract)**

Even if Plaintiff allegations and calculations were correct, a California State Court would reform the contract in Defendant's favor.

**FOURTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant reserves its right to assert additional separate defenses in the event discovery indicates they would be appropriate.

DATED: January 8, 2021

Respectfully submitted,

Law Offices of David P. Jacob, P.C.

David Jacob, Esq.
Attorney for Defendant

| | |
|---|---|
| **Gennady Moshkovich** vs**. BOBS LLC et al** | CHAPTER: **7**<br>CASE NUMBER: **2:20-ap-01623-BB** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5950 Canoga Avenue Suite 400 Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER AND SEPARATE DEFENSES TO FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 8, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**David P. Jacob (Defendants' Counsel)**: david@dpjacob.com;
**United States Trustee (Los Angeles)**: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **January 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**(United States Bankruptcy Judge)**
Per General Order 20-12 paper copies under 25 pages are not required.

**(Plaintiff)**
Gennady Moshkovich
911 Loma Vista Dr.
Beverly Hills, CA 90210

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 8, 2021 | **David P. Jacob** | /s/David P. Jacob |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |